IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

---

| | |
|---|---|
| IN RE: MI WINDOWS AND DOORS, INC. PRODUCTS LIABILITY LITIGATION | MDL NO: 2333 |

---

**MI WINDOWS AND DOORS, INC.'S TOPICS FOR JULY 12, 2012
MULTIDISTRICT LITIGATION SCHEDULING CONFERENCE**

In accordance with this Court's May 23, 2012 Practice and Procedure Order (D.E. #3), Defendant, MI Windows and Doors, Inc. ("MIWD"), hereby submits its suggested topics for the July 12, 2012 Multidistrict Litigation ("MDL") Scheduling Conference. For the Court's convenience, this document is divided into three sections. The first section consists of agenda items applicable to all consolidates actions. The second section consists of case-specific concerns for the five cases consolidated in MDL No. 2333 by Judicial Panel on Multidistrict Litigation ("JPML") in its April 23, 2012 Transfer Order. The third section concerns issues surrounding the three conditionally transferred actions and the third-party actions.

   **I.     GENERAL TOPICS FOR CONSOLIDATED ACTIONS**

   1.     Appointment of Lead Counsels;

   2.     Pretrial Schedule including re-filing of motions to dismiss in the actions with pending motions to dismiss; expert disclosures; class certification briefing schedule;

   3.     Confidentiality Agreement and Stipulated Order;

   4.     Deposition limits;

   5.     Discovery scope and limitations as to merits and class certification;

1

6. Discovery scope and limitations as to electronically-stored information;

7. Settlement and Alternative Resolutions;

8. Home Inspections; and

9. Treatment of any later tag-alongs.

II. **CASE SPECIFIC CONCERNS**

The following five actions are before this Court after consolidation by the JPML on April 23, 2012.

A. *DeBlaker v. MI Windows and Doors, Inc.*, ("the North Carolina Action") Case No. 12-mn-01258:

The North Carolina Action was removed to Federal Court on January 21, 2011. MIWD's motion to dismiss was originally denied by the Court, however, a motion for reconsideration with respect to the motion to dismiss is fully briefed and pending. There is a discovery stay in effect pending resolution of the motion for reconsideration. MIWD respectfully requests that the Court address the necessity of a briefing schedule for a motion to remand the North Carolina action for state-law specific treatment of the motion for reconsideration. Indeed, prior to consolidation, Judge Graham sought additional briefing by the parties on the effect of the North Carolina statutes of repose.

B. *Johnson v. MI Windows and Doors, Inc.*, ("the South Carolina Action") Case No. 2:12-mn-00001:

MIWD and Plaintiff Johnson have engaged in preliminary exchange of discovery productions. On May 17, 2012, the Court limited discovery to the 3500 Series windows for a 2000 – 2010 time period. MIWD respectfully requests that the Court address conflicting scheduling while discussing the consolidated pretrial schedule.

C. *Wani v. MI Windows and Doors, Inc.*, ("the Ohio Action") Case No. 2:12-mn-01255:

The Ohio Action was filed on December 5, 2012. MIWD's partial motion to dismiss is pending. Plaintiffs have not filed a pleading in response to MIWD's partial motion to dismiss. Prior to the JPML's Transfer Order, on April 19, 2012 MIWD filed a Joint Scheduling Report agreeing to bifurcated discovery as to merits and class discovery. MIWD respectfully requests that the Court address whether the motion to dismiss must be re-filed in the consolidated action, and if so, requests a briefing schedule be determined.

D. *Meifert v. MI Windows and Doors, Inc.*, ("the Wisconsin Action") Case No. 2:12-mn-01256:

The Wisconsin Action was filed on December 6, 2012. MIWD's motion to dismiss is fully briefed and pending review and disposition. MIWD respectfully requests that the Court address whether the motion to dismiss must be re-filed in the consolidated action, and if so, MIWD would request that a briefing schedule be determined.

E. *Hildebrand v. MI Windows and Doors, Inc.*, ("the New York Action") Case No. 2:12-mn-01261:

The New York Action was filed on December 6, 2012. MIWD's motion to dismiss the complaint is pending. Prior to consolidation by the JPML on April 23, 2012, Plaintiff Hildebrand missed the deadlines to file a responsive brief to MIWD's motion to dismiss or an amended complaint.

III. **CONDITIONALLY TRANSFERRED ACTIONS NOT YET UNDER CONSOLIDATED COURT'S JURISDICTION AND THIRD-PARTY ACTIONS:**

The following actions were conditionally transferred to the consolidated MDL 2333 on April 25, 2012 by the JPML. MIWD's Motion to Vacate the Conditional Transfer Order (CTO1)

and the status of the conditionally transferred cases will be heard during the JPML's July 26, 2012 Oral Hearing in Cleveland, Ohio.  These actions are not yet under this Court's jurisdiction but MIWD includes them in order to provide a full picture of the possible consolidated landscape.  The conditionally transferred cases are as follows:

    **A.**    *Walsh v. MI Windows and Doors, Inc.*, ("the Pennsylvania Action"), Case No. 2:11-07562:

The Pennsylvania Action was filed on December 9, 2012.  Prior to consolidation, MIWD filed a motion to dismiss, which the Court denied without prejudice as a result of the CTO1.  The Court provided that the motion could be re-filed after resolution of the transfer issue, and it stayed any deadline for responding to the amended complaint, by answer or motion to dismiss, for 14 days after such resolution.

    **B.**    *Deem v. MI Windows and Doors, Inc.*, ("the Michigan Action"), Case No. 2:12-10452

The Michigan Action was filed on February 2, 2012.  However, the Michigan Action was never served on MIWD and MIWD never waived service of the complaint.  Pursuant to Federal Rule of Civil Procedure 4(m), the 120 day period to serve the complaint has now expired.

    **C.**    *Kennedy v. MI Windows and Doors, Inc.*, ("the Illinois Action"), Case No. 2:12-01757

The Illinois Action was filed on March 9, 2012.  It was "administratively dismissed without prejudice" on April 25, 2012 in light of the JPML's Conditional Transfer Order.  MIWD's motion to dismiss the plaintiff's complaint was denied as moot the same day, with the understanding that MIWD's motion would be re-filed, should the Illinois matter be consolidated and transferred to this Court.

### D. Third-Party Actions

The following actions are not consolidated or under the jurisdiction of MDL 2333. However, the actions may have implications for the consolidated cases.

#### 1. *Third-party Claims in Johnson v. MI Windows and Doors, Inc.*, Case No. 2:11-00167

As this Court is aware, MIWD brought third-party actions against builders Lakes of Summerville, Inc., Sunburst Properties, Inc. and Sunburst Properties of South Carolina, Inc. Those claims were severed by this Court's March 23, 2012 Order. The severed action has been stayed pending resolution of scheduling issues with the consolidated actions.

#### 2. *Lakes of Summerville, Inc. v. MI Windows and Doors, Inc.*, Case No. 2:12-01297

Despite the severing of the third-party claims, including those by South Carolina builder, Lakes of Summerville, Inc., on May 17, 2012, Lakes of Summerville filed a national class action lawsuit against MIWD in the United States District Court for South Carolina. Lakes of Summerville has asked MIWD to waive service and has suggested that the action proceed outside of the consolidated action *but* that discovery proceed simultaneously and be shared. It is of note that MIWD sought just such an arrangement as an alternative to consolidation. MIWD will file a notice of related action with the JPML regarding this case.

Respectfully Submitted,

[SIGNATURE BLOCK ON FOLLOWING PAGE]

          TURNER, PADGET, GRAHAM & LANEY

          s/Steven W. Ouzts
          Steven W. Ouzts (Fed. ID No.:2945 )
          Joshua D. Shaw (Fed. ID No.:10529 )
          Bank of America Plaza,
          1901 Main St., 17th Floor
          P. O. Box 1473
          Columbia, South Carolina 29202
          (803) 254-2200
          Email:  Souzts@turnerpadget.com
          Email:  Jshaw@turnerpadget.com

          ATTORNEYS FOR DEFENDANT
          MI WINDOWS AND DOORS, INC.

June 7, 2012