**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: MI WINDOWS AND DOORS, INC.  ) <br> PRODUCT LIABILITY LITIGATION    ) <br> _____ ) | | **MDL Docket No. 2333** |
| This Document Pertains To: | | |
| JOSEPH DEBLAKER, JERRY               ) <br> CHRISTOPHER, and KRISTI E. THORNE ) <br> individually and on behalf of themselves, and all ) <br> others similarly situated,                          ) <br>                                                          ) <br>                        Plaintiff,              ) <br> vs.                                                    ) <br>                                                          ) <br> MI WINDOWS AND DOORS, INC.      ) <br>                                                          ) <br>                        Defendant.             ) <br>                                                          ) <br> _____ ) | | **C.A. No. 3:10-cv-00427-GCM** |

## **MEMORANDUM REGARDING RETENTION OF JURISDICTION OVER MI WINDOWS AND DOORS, INC.'S MOTION TO RECONSIDER**

Plaintiffs, Joseph DeBlaker ("DeBlaker") and Jerry Christopher and Kristie E. Thorne ("Thornes") (collectively "Plaintiffs"), by and through their undersigned counsel, hereby submit the following Memorandum on the Retention of Jurisdiction over MI Windows and Doors, Inc.'s ("MIWD") Motion to Dismiss the Second Amended Complaint and to Reconsider, or in the alternative, certify for interlocutory review, denial of MIWD's Motion to Dismiss Counts I and II of the Amended Complaint ("Motion to Reconsider"). As discussed herein, Plaintiffs respectfully request that this Court retain jurisdiction over MIWD's Motion to Reconsider.

**I.     INTRODUCTION & STATEMENT OF FACTS**

On July 23, 2010, DeBlaker commenced this action alleging claims in negligence and unfair and deceptive trade practices ("UDTPA") in the United States Western District for the United States District Court of North Carolina ("W.D.N.C."). On September 14, 2010, the Thornes joined the lawsuit alleging a claim of breach of express warranty against MIWD. In response to Plaintiffs' Complaint, MIWD filed a motion to dismiss, or, in the alternative, judgment on the pleadings on October 12, 2010, asserting that the economic loss rule barred DeBlaker's negligence claim and that DeBlaker's failure to rely on any representation by MIWD should result in dismissal of DeBlaker's claim for UDTPA. MIWD also asserted that the Thorne's breach of warranty claim should be dismissed because they did not adequately plead a breach of warranty claim against MIWD. Plaintiffs opposed MIWD's motion, and the parties collectively submitted over seventy (70) pages to the W.D.N.C. on the issues.

On March 24, 2011, after reviewing all applicable pleadings, the W.D.N.C. entered an Order denying MIWD's Motion to Dismiss, or in the Alternative, for judgment on the Pleadings on DeBlaker's claims. **See Exhibit A**. In denying MIWD's motion as to DeBlaker's claims, the W.D.N.C. held that, since DeBlaker was not in privity of contract with MIWD, the economic loss rule did not bar his claim for negligence. Further, the W.D.N.C. held that by alleging that MIWD knew of the defective nature of the windows and yet continued to sell and distribute them to customers and retailers, DeBlaker's allegations stated a plausible claim for UDTPA. Regarding the Thornes, there was an issue as to which of MIWD's warranties applied to their windows. After MIWD provided the Thornes with a warranty that purportedly applied to their windows, W.D.N.C. provided the Thornes with an opportunity to amend their complaint and to allege specifically how that express warranty was breached. Accordingly, on April 14, 2011, Plaintiffs filed their Second Amended Complaint ("SAC").

On May 23, 2011, instead of merely moving to dismiss the Thorne's express warranty claim, MIWD filed a motion asserting that the W.D.N.C.'s March 24, 2011 Order was in error regarding DeBlaker's claims. MIWD raised no new arguments, and provided no new authority to the W.D.N.C. or cited any change in authority; rather, in essence, it argued that it should have an additional bite at the proverbial apple to dismiss not only the Thorne's claims, but also DeBlaker's claims simply because it disagreed with the Court's March 24, 2011 Order. MIWD further asserted that if the W.D.N.C. failed to reconsider its March 24, 2011 Order, then it must certify the order for interlocutory appellate review.

On February 17, 2012, the W.D.N.C. *sua sponte* issued an order requesting that the parties address the potential applicability or the inapplicability of the statute of repose in the North Carolina real property improvement statute, N.C. Gen. Stat. § 1-50(a)(5). Accordingly, the parties submitted memorandums addressing the statute of repose.

Prior to the W.D.N.C. issuing an order on MIWD's Motion to Reconsider, on April 23, 2012, the United States Judicial Panel on MultiDistrict Litigation ("JPML") issued its order pursuant to 28 U.S.C. § 1407 transferring Plaintiffs to this Court for "coordinated or consolidated pretrial proceedings." **See Exhibit B**. In its transfer order, the JPML noted that "defendant acknowledges there will be Rule 12 issues that are common to all actions. Centralized proceedings will allow for streamlined briefing and consistent treatment of such issues." *Id*.

## II. IN THE INTEREST OF EFFICIENCY AND THE MULTIDISTRICT LITIGATION SYSTEM, THIS COURT SHOULD RETAIN JURISDICTION OF MIWD'S MOTION TO RECONSIDER

This Court should retain jurisdiction of MIWD's Motion to Reconsider. The multidistrict litigation system promotes efficiency and consistent treatment of pretrial proceedings. The foundation of the multidistrict litigation procedure is to avoid "conflicting contemporaneous

pretrial rulings by coordinating district and appellate courts in multidistrict related civil actions" and to conserve judicial resources. 17 James Wm. Moore, Moore's Federal Practice, Civil § 112.07(2)(c).

Generally, in a situation "in which one judge has rendered an order or judgment and the case is then transferred to another judge . . . Under the law of the case doctrine and general principles of comity, a successor judge has the same discretion to reconsider an order as would the first judge, but should not overrule the earlier judge's order or judgment merely because the later judge might have decided matters differently." *U.S. v. O'Keefe*, 128 F.3d 885, 892 (5th Cir. 1997), *citing Abshire v. Seacoast Prods.*, 668 F.2d 832, 838 (5th Cir. 1982), *Loumar, Inc. v. Smith*, 698 F.2d 759, 762-63 (5th Cir. 1983).  Several circuits have ruled on the issue of successor judges reconsidering an order issued by a previous Judge, both within and outside the MDL process. The Tenth Circuit summarized this in the § 1404 context in *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509 (10th Cir. 1991), noting that "The question whether a transferee circuit has jurisdiction to review the decisions of a transferor district court is one over which the circuits are split" and that "Once this case was transferred to the [Transferee] court, all rulings made prior to transfer were law of the case. Of course, the [Transferee] court was not obligated to certify the [Transferor] judgment in robotic fashion; in the Sixth Circuit [with jurisdiction over the Transferee court], the law of the case doctrine is sufficiently flexible to permit departure from rulings in the transferor circuit where clearly warranted."  *Chrysler* at 1520 (internal citations omitted).

It is clear that a transferee Court may hear and rule on motions to dismiss pursuant to Rule 12. *In re Donald J. Trump Casino Securities Litigation-Taj Mahal Litigation*, 7 F.3d 357 (3d Cir. 1993).  Further, it is inherent in the multidistrict transfer procedure that a § 1407

transferee judge has the authority to set aside or revisit pretrial rulings of transferor courts. *See In re Multi-Piece Rim Prods. Liability Litig*., 653 F.2d 671, 676-77 (D.C. Cir. 1981). The JPML ruled on the issue of the scope of a transferee Court ability to overrule Transferor pretrial proceedings early in the history of the 1407 procedure, stating clearly that "[Section 1407] Paragraph (b) clearly provides that the 'coordinated or consolidated pretrial proceedings shall be conducted by the judge or judges to whom such actions are assigned' . . . The pretrial powers of the transferee court include the powers to modify, expand, or vacate earlier discovery orders." *In re Plumbing Fixture Cases*, 298 F.Supp. 484 (J.P.M.L. 1968). The Second Circuit has suggested, albeit in dictum, that "[t]he transferee district court has the power and the obligation to modify or rescind any orders in effect in the transferred case which it concludes are incorrect." *In re Grand Jury Proceedings (Kluger),* 827 F.2d 868, 871 n. 3 (2d Cir. 1987). These rulings (and others) have been memorialized in the Manual for Complex Litigation ("The transferee judge may vacate or modify any order of a transferor court." Manual for Complex Litigation, Fourth, Sec. 20.132, *citing In re Master Key Antitrust Litig*., 320 F.Supp 1404 (J.P.M.L. 1971), *In re Upjohn Co. Antibiotic Cleocin Prods. Liability Litig*. 664 F.2d 114 (6th Cir. 1981) ).

In *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1181 n. 18 (D.C. Cir. 1987), the D.C. Circuit envisioned a scenario where an MDL transferee court may remand cases back to transferor courts for resolution of a legal issue, ***but only when the transferor and transferee courts were in separate circuits***, and only to avoid an improper interpretation of circuit law. (emphasis added). Further, the Circuit noted that "[d]epending upon the issue and its disposition, retransfer (even after interlocutory appeal in the transferor circuit) might be in order. The cost and delay of proceeding in this manner undercuts, however, Congress' purpose in enacting section 1407." *Id*.

Based upon the applicable case law, this Court has authority to retain jurisdiction on MIWD's Motion to Reconsider. It would simplify pretrial proceedings and efficiently dispose of Rule 12 motion practice pursuant to the intent of Congress. If this Court were to remand the case back to the W.D.N.C., it would "undercut" the purpose of 1407 and potentially delay the proceedings. Further, since the W.D.N.C. did not issue an order on the Thornes' breach of warranty claim, there is no reason to remand any issues regarding that claim back to the W.D.N.C. Currently, of the five transferred cases, four have claims of breach of express warranty. Accordingly, these common claims fall squarely within the purpose of 1407; allowing this Court to efficiently adjudicate the common issues of law and fact and permitting consistent treatment of similar claims. For this reason alone, this Court should retain jurisdiction of the Thorne's claims.

Of course, the fact that this Court can reconsider the W.D.N.C. Order does not mean that it need do so or should do so. It is well-settled that "[m]otions for reargument or reconsideration ... may not be used to rehash arguments ... considered and decided by the Court." *Corning Inc. v. SRU Biosystems*, No. Civ.A.03-633-JJF, 2006 WL 155255 (D. Del. Jan. 20, 2006); *see also Quaker Alloy Casting v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. 111. 1988) (denying motion to reconsider based on previously rejected arguments because "***this Court's opinions are not intended as mere first drafts. subject to revision and reconsideration at a litigant's pleasure***") (emphasis added). The Fourth Circuit has generally limited a court's reconsideration even of its own opinions to the three situations envisioned by Fed. R. Civ. P. 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Sloas v. CSX Transp. Inc.*, 616 F.3d 380, 386 n. 2 (4th Cir. 2010). None of these factors are present before the

Court; the W.D.N.C.'s Order does not demonstrate a clear error of law or manifest injustice and MIWD has not supplied any new evidence or demonstrated any change in controlling law. There is no basis for requesting reconsideration of the W.D.N.C.'s Order other than simple disagreement.

Furthermore, the law of the case doctrine, although not binding on the court, "counsels against reopening issues previously decided" absent those same "compelling circumstances." *Siderpali, S.P.A. v. Judal Indus., Inc.,* 833 F.Supp. 1023, 1027 (S.D.N.Y. 1993); *see also Branch v. Ogilvy & Mather, Inc.,* 765 F.Supp. 819, 823 (S.D.N.Y. 1990) ("The law of the case will be disregarded only when the court has 'a clear conviction of error' with respect to a point of law on which its previous decision was predicated.") (quoting *Fogel v. Chestnutt,* 668 F.2d 100, 109 (2d Cir. 1981), *cert. denied,* 459 U.S. 828 (1982)).

Like the multidistrict litigation system, the law of the case doctrine promotes "finality and efficiency [in] the judicial process." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816 (1988). It "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California,* 460 U.S. 605, 618 (1983). Since MIWD has failed to provide either: (1) an intervening change in the law; or (2) clear error of law or a manifest injustice, Plaintiffs respectfully request that this Court deny MIWD's Motion to Reconsider.

### III.   CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that this Court retain jurisdiction of MIWD's Motion to Reconsider and deny MIWD's Motion to Reconsider in its entirety.

Dated this 23rd day of July, 2012.

By: s/Justin Lucey
Justin Lucey (Fed. ID No. 5613)
JUSTIN O'TOOLE LUCEY, PA
415 Mill Street
Post Office Box 806
Mount Pleasant, SC 29465-0806
(843) 849-8400 phone
(843) 849-8406 facsimile

Daniel K. Bryson
Whitfield Bryson & Mason LLP
900 W. Morgan Street
Raleigh, NC 27603
Email: dan@wbmllp.com

Jordan L. Chaikin
Parker Waichman LLP
3301 Bonita Beach Road, Suite 101
Bonita Springs, FL 34134
T: (239)390-1000
F: (239) 390-0055
Email: jchaikin@yourlawyer.com

John A. Peca
Climaco, Wilcox, Peca, Tarantino & Garofoli Co., LPA
55 Public, Suite 1950
Cleveland, OH 44113
Email: JAPECA@climacolaw.com

Natalie Finkelman
Shepherd Finkelman Miller & Shah, LLC
35 E. State Street
Media, PA 19063
Email: nfinkelman@sfmslaw.com

Richard Arsenault
Neblett, Beard & Arsenault
2220 Bonaventure Court
Alexandria, LA 71301
(800) 256-1050
Email: rarsenault@nbalawfirm.com

Alyson Oliver
Oliver Law Group PC
950 W. University Ste. 200
Rochester, MI 48307
(248) 327-6556
Email: aoliver@oliverlg.com

Edward Eshoo, Jr.
Childress Duffy, Ltd.
500 North Dearborn St.
Chicago, Illinois 60654
(312) 494-0200
Email: eeshoo@childresslawyers.com

Jonathan Shub
Seeger Weiss LLP
1515 Market St
Suite 1380
Philadelphia, PA 19102
Email: jshub@seegerweiss.com
*Counsel for Plaintiffs*

9

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 23, 2012, I electronically filed the foregoing with the Clerk of the United States District Court for the District of South Carolina by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record in the matter *In Re:  MI Windows and Doors, Inc. Products Liability Litigation*, Civil Action No. 1:12-mn-00001-DCN.

Respectfully submitted,

JUSTIN O'TOOLE LUCEY, P.A.

By: s/ Justin Lucey
Justin Lucey (Fed. ID No. 5613)
415 Mill Street
Post Office Box 806
Mount Pleasant, SC 29465-0806
(843) 849-8400 phone
(843) 849-8406 facsimile

July 23, 2012
Charleston, South Carolina