IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: MI WINDOWS AND DOORS, INC. PRODUCTS LIABILITY LITIGATION | MDL NO: 2333<br>C.A. No. 2:12-mn-00001-DCN |

This Document Pertains To:

| | |
|---|---|
| JOSEPH DEBLAKER and JERRY CHRISTOPHER and KRISTIE E. THORNE, Individually and on behalf of himself, and all Others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>M.I. Windows and Doors, Inc.,<br><br>    Defendant. | **C.A. No. 2:12-cv-01258-DCN** |

## NOTICE OF FILING

YOU WILL PLEASE TAKE NOTICE THAT Defendant MI Windows and Doors, Inc., hereby files the following document:

1.   MI Windows and Doors, Inc.'s Response Brief Regarding Remand for Transferor Court to Decide Fully Briefed Motion for Reconsideration.

**SIGNATURE BLOCK ON FOLLOWING PAGE**

Dated: August 1, 2012    Respectfully submitted,

**K&L GATES LLP**
*Attorneys for Defendant MI Windows and Doors .*
134 Meeting Street, Suite 200
Charleston, South Carolina 29401
Telephone:    843.579.5619
Facsimile:    843. 579.5601

By:    */s Carol C. Lumpkin.*
**Carol C. Lumpkin**
Lead Counsel
Florida Bar No. 0797448
carol.lumpkin@klgates.com

By:    */s Richard Farrier, Jr.*
**Richard Farrier, Jr.**
Liaison Counsel
South Carolina Bar No. 772
richard.farrier@klgates.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: MI WINDOWS AND DOORS, INC.<br>PRODUCTS LIABILITY LITIGATION | MDL No. 2333<br>C.A. No. 2:12-mn-00001-DCN |

This Document Pertains To:

| | |
|---|---|
| JOSEPH DEBLAKER and JERRY CHRISTOPHER and KRISTIE E. THORNE, individually and on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>MI WINDOWS AND DOORS, INC.,<br><br>    Defendant. | **C.A. No. 2:12-cv-01258-DCN** |

### MI WINDOWS AND DOORS, INC.'S RESPONSE BRIEF REGARDING REMAND FOR TRANSFEROR COURT TO DECIDE FULLY BRIEFED MOTION FOR RECONSIDERATION

During the status conference on July 12, 2012, the Court raised the option of suggesting a remand to the transferor court in the Western District of North Carolina for a decision on a long-pending and fully briefed motion by MI Windows and Doors, Inc. ("MIWD") to dismiss and for reconsideration of the transferor court's denial of an earlier motion to dismiss and/or for judgment on the pleadings. After Plaintiffs Joseph DeBlaker ("DeBlaker") and Jerry Christopher and Kristie E. Thorne (the "Thornes") objected, the Court granted Plaintiffs leave to file a brief to convince the Court that it has no authority to suggest such a remand. In their brief filed on July 23, 2012, the Plaintiffs cite no statutory or case law suggesting this Court lacks authority or

discretion to do what it was inclined to do. Indeed, for the reasons stated below, the Court's initial suggestion was correct, and a remand is both within the Court's discretion and appropriate.

## STATEMENT OF FACTS

On July 23, 2010, DeBlaker filed his initial complaint in the Superior Court of Mecklenburg County, North Carolina. After MIWD removed the case to the U.S. District Court for the Western District of North Carolina (DE #1 and 2), the Thornes joined the action through the filing of an Amended Complaint on September 14, 2010 (DE #7). MIWD filed an answer and motion to dismiss on October 4, 2010 (DE #8). On October 12, 2010, MIWD filed an amended answer and a motion to dismiss or, in the alternative, for judgment on the pleadings (DE #9). On March 24, 2011, the Court denied MIWD's motion to dismiss or for judgment on the pleadings, but ordered the Thornes to amend their allegations (DE #28). Plaintiffs filed a Second Amended Complaint on April 4, 2011 (DE #29).

On May 23, 2011, MIWD moved to dismiss the Second Amended Complaint in its entirety and to reconsider or to certify for interlocutory review the Court's March 24, 2011 order denying MIWD's earlier motion to dismiss Counts I and II of the Amended Complaint (DE #32). (This motion shall be referred to herein collectively as the "motion for reconsideration.") MIWD's motion for reconsideration was fully briefed by July 12, 2011.

On November 8, 2011, the judge presiding over this action in the Western District of North Carolina issued a decision in another action addressing legal issues that overlap with those previously addressed in that judge's March 24, 2011 order in this action. *See Ellis v. La.-Pac. Corp.*, No. 3:11CV191, 2011 WL 5402878, at *1 (W.D.N.C. Nov. 8, 2011) (attached as Exhibit 1).

2

On December 8, 2011, a motion was filed with the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") to transfer this North Carolina action to the District of South Carolina for coordinated or consolidated pretrial proceedings.

On February 17, 2012, the transferor court in the Western District of North Carolina issued an order directing the parties to submit supplemental briefs regarding the application of N.C. Gen. Stat. § 1-50(a)(5), the North Carolina real property improvement statute of repose (*See* Order, Feb. 17, 2012 (DE #42), attached hereto as Exhibit 2). Plaintiffs filed their initial supplemental brief on the statute of repose issue on March 2, 2012 (DE # 44). MIWD filed its supplemental brief on March 16, 2012, and Plaintiffs filed a supplemental reply brief on March 30, 2012.

On May 14, 2012, the JPML transferred this action to this Court for coordinated or consolidated pretrial proceedings (DE #48). At a status conference on July 12, 2012, this Court raised the possibility of suggesting a remand to Judge Graham C. Mullen in the Western District of North Carolina to decide MIWD's fully briefed motion for reconsideration. Plaintiffs objected to this ruling and requested leave to submit a brief to convince the Court that it has no authority to suggest a remand. Plaintiffs filed their brief on July 23, 2012 (DE #58).

## ARGUMENT

Even when given the opportunity to demonstrate that the Court cannot suggest a remand to the transferor court, Plaintiffs fail to show in their brief that the Court lacks such authority. Rather, Plaintiffs argue that the Court may, subject to the limits of the law of the case doctrine,[1]

---

[1] Some circuits have held that under the law of the case doctrine, a transferee court may reconsider a prior ruling of a transferor court only if: (1) there is a change in the governing law; (2) new evidence is available; or (3) there is a need to correct clear error or prevent manifest injustice. *See, e.g.*, *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 441-43 (3d Cir. 2009); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.

3

vacate or modify an order of a transferor court, and therefore has *discretion* to retain jurisdiction over the motion for reconsideration—something that MIWD has never disputed. Plaintiffs then attempt to convince the Court to change its mind on how to exercise its discretion. For the reasons set forth below, the Court's initial inclination was correct, and it has the discretion to suggest a remand.

**I.     THIS COURT HAS AUTHORITY TO RECOMMEND THAT THE JPML REMAND THIS CASE FOR A DECISION ON THE MOTION FOR RECONSIDERATION.**

Under certain circumstances, the JPML has endorsed the remand of transferred cases before the transferee court concludes all of its business. "The Panel's organic statute, 28 U.S.C. § 1407, provides that each action transferred into an MDL proceeding 'shall be remanded by the panel *at or before the conclusion of such pretrial proceedings* to the district from which it was transferred . . . .'" *In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1375 (J.P.M.L. 2003) (quoting 28 U.S.C. § 1407) (emphasis in original). Moreover, remand is permitted by Rule 7.6(c) of the Rules of Procedure of the JPML, which provides as follows:

> The Panel shall consider remand of each transferred action . . . at or before the conclusion of coordinated or consolidated proceedings on: (i) motion of any party, (ii) suggestion of the transferee district court, or (iii) the Panel's own initiative, by entry of an order to show cause, a conditional remand order or other appropriate order.

199 F.R.D. 425, 437 (2001).

Rule 7.6(d) stresses the importance of the transferee judge's recommendations with respect to remand, noting that "[t]he Panel is reluctant to order remand absent a suggestion of

---

1991). Plaintiffs fail to acknowledge, however, that the Fourth Circuit has held these constraints do not always apply to a transferee court's reconsideration of issues previously decided by a transferor court in the MDL context, such that a transferee court has a right and obligation to modify or rescind orders of the transferor court that it concludes are incorrect. *See Pinney v. Nokia, Inc.*, 402 F.3d 430, 452-53 (4th Cir. 2005).

remand from the transferee district court." Indeed, "[i]n considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings." *In re Baseball Bat Antitrust Litig.*, 112 F. Supp. 2d 1175, 1177 (J.P.M.L. 2000); *see also In re Nat'l Football League Players' Concussion Injury Litig.*, No. MDL 2323, 2012 WL 361691, at *1 (J.P.M.L. Jan. 31, 2012) ("If the transferee judge determines after close scrutiny that remand of any claims is appropriate, procedures are available whereby this may be accomplished with a minimum of delay."); *In re Franklin Nat'l Bank Sec. Litig.*, 407 F. Supp. 248, 248 (J.P.M.L. 1976) ("Generally, the Panel gives great deference to a transferee judge's suggestion that an action pending before him for Section 1407 treatment is ripe for remand.").

In granting transfer motions, the Panel has referenced the transferee court's power to suggest temporary remand of specific claims and cases to address pending potentially dispositive motions. For example, in *In re Classicstar Mare Lease Litigation*, 528 F. Supp. 2d 1345 (J.P.M.L. 2007), the defendant in one of the cases asked the Panel to delay transfer of its case until its pending motion to dismiss had been ruled upon by the transferor court. In declining this request, the Panel noted that "[t]he transferee court, whenever it deems appropriate, may recommend Section 1407 remand of any claims or actions in advance of other claims or actions." *Id.* at 1347; *see also In re Reciprocal of America (ROA) Sales Practices Litig.*, 560 F. Supp. 2d 1357, 1359 (J.P.M.L. 2008) ("Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay.").

5

Plaintiffs acknowledge in their brief that the D.C. Circuit has expressly envisioned the potential for a temporary remand back to a transferor court to resolve a legal issue. *See In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1181 n.18 (D.C. Cir. 1987). Plaintiffs attempt to distinguish that case by arguing such a remand is proper only when the transferor and transferee courts were in separate federal circuits, in order to avoid improper interpretation of another circuit's law. (*See* Pls.' Mem. 5.)  But the *Korean Air Lines* case involved a question of federal law, and the D.C. Circuit did not limit its statement to that context. Rather, the same rationale applies equally to a temporary remand to a transferor court in another state to avoid improper interpretation of that other state's law.

In short, Plaintiffs have failed to show that the Court lacks authority to suggest a remand to the transferor court here.

## II.     THIS COURT SHOULD EXERCISE ITS DISCRETION TO RECOMMEND A TEMPORARY REMAND.

As this Court recognized at the July 12, 2012 status conference, it logically cannot "reconsider" issues it has not considered previously, but that instead were considered by the transferor court.  Moreover, the transferor court has itself signaled an interest in reconsidering its March 24, 2011 order denying MIWD's earlier motion to dismiss, as it expressly requested supplemental briefing on unique issues of North Carolina law after briefing of the motion to reconsider had been completed.  (*See* Ex. 2.)  Indeed, the fact that the transferor court requested supplemental briefing on February 17, 2012—more than two months after Plaintiffs had filed their December 8, 2011 motion to transfer the action to this Court—suggests that the transferor court may have intended to rule on the motion for reconsideration prior to the JPML's ruling on the transfer motion.  The Manual for Complex Litigation observes that it "may be particularly appropriate" for a transferor court to resolve potentially dispositive motions "raising issues

6

unique to the particular case" before the case is transferred for pretrial proceedings. *See* Manual for Complex Litigation § 20.131 (4th ed. 2012). That same rationale would support this Court's exercise of its discretion to suggest remand for a decision on MIWD's potentially dispositive motion to reconsider.

Plaintiffs nevertheless requests that this Court neither suggest a remand nor reconsider itself the transferor court's denial of MIWD's earlier motion to dismiss, because MIWD allegedly did not raise new arguments in its briefing on the motion to reconsider. (*See* Pls.' Mem. 6-7.) MIWD disagrees with Plaintiffs' characterization of its earlier briefing. Moreover, as Plaintiffs acknowledge, reconsideration is appropriate both "to accommodate an intervening change in controlling law" and "to correct a clear error of law." (*Id.* at 6.) According to Plaintiffs, Judge Mullen of the transferor court ruled in his March 24, 2011 order that "since DeBlaker was not in privity of contract with MIWD, the economic loss rule did not bar his claim for negligence." (*Id.* at 2.) Yet on November 8, 2011, Judge Mullen issued an opinion in another case in which he held that "[e]ven when parties are not in privity of contract, . . . the economic loss rule may still apply, as North Carolina courts focus on the availability of a contractual remedy, including a remedy for breach of warranty." *See Ellis*, 2011 WL 5402878, at *1 (attached as Exhibit 1). The net effect of these two decisions by the transferor court is the apparent legal conclusion that the economic loss doctrine precludes a tort claim by a homeowner who is not in privity with a product manufacturer so long as that homeowner has an enforceable warranty remedy, but that the previously unavailable tort claim springs to life—potentially giving rise to more expansive remedies—once that homeowner's warranty expires. Such a conclusion would defy both common sense and prevailing law. It would be a proper exercise of this Court's discretion to permit Judge Mullen to rule on the motion to reconsider and thereby,

7

among other things, reconcile and clarify his decisions on how the economic loss doctrine applies to parties who are not in privity of contract.[2]

Plaintiffs argue that the law of the case doctrine "counsels against reopening issues previously decided" absent "compelling circumstances." (Pls.' Mem. 7.) Here, the motions pending before the transfer of this case carry two years of prior procedural history and rulings by the transferor court. The transferor court is the most familiar with North Carolina law, the rather complex procedural history, and the rationale for its earlier rulings. That transferor court has found MIWD's motion for reconsideration compelling enough to require the submission of supplemental briefing—briefing that was completed prior to the transfer to this Court. If the court with the most knowledge of the case found circumstances compelling enough to warrant potential reconsideration, this Court properly would exercise its discretion to allow such reconsideration to proceed.

Plaintiffs correctly note that the motion for reconsideration applies only to DeBlaker, and that a motion to dismiss and/or for judgment on the pleadings remains pending as to the Thornes. Plaintiffs therefore argue it would be improper to remand the Thornes' claims to the transferor court. What Plaintiffs fail to note, however, is that MIWD previously moved to dismiss the Thornes' claims, and Judge Mullen ordered them to replead those claims. (*See* Order 4-5, Mar. 24, 2011 (DE #28).) It would be a proper exercise of this Court's discretion to allow Judge

---

[2] These same factors—the intervening decision by the transferor court in *Ellis* and the transferor court's apparent error in holding that a new tort claim springs to life after expiration of an express warranty—would justify this Court's reconsideration of the transferor court's March 24, 2011 Order, should the Court decide to retain jurisdiction over the motion for reconsideration. *See In re Bank of Am. Wage & Hour Emp't Litig.*, No. 10-MD-2138-JWL, 2010 WL 4180530, at *4-5 (D. Kan. Oct. 20, 2010) (attached as Exhibit 3). The same is true as to the transferor court's error in reading the proximate causation requirement out of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1.

8

Mullen to decide whether the Thornes have adequately addressed the concerns that caused him to require the Thornes to replead.[3]

### III.  IN THE ALTERNATIVE, THIS COURT SHOULD REFER THE MOTIONS TO THE TRANSFEROR COURT FOR A RECOMMENDED DECISION.

The Court also could consider other options, such as referring the pending motions to Judge Mullen for recommended rulings for potential adoption by this Court.  The Court has the discretion to make such a referral under Fed. R. Civ. P. 53(a)(1)(C) or pursuant to its inherent authority to administer the case.  *See Trull v. Dayco Prods., LLC*, 178 Fed. App'x 247, 251, 2006 WL 1130926, at *3 (4th Cir. Apr. 28, 2006) (unpublished) (attached hereto as Exhibit 4); *United States v. Connecticut*, 931 F. Supp. 974, 984 (D. Conn. 1996).[4]  The JPML has recognized that transferee judges in MDL proceedings may take advantage of such procedures in managing litigation.  *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1356 (J.P.M.L. 2010) (observing that transferee judge "may choose to employ special masters and other case administration tools to facilitate certain aspects of [consolidated] litigation").  Such a referral here would assist the Court in securing the just, speedy, and inexpensive resolution of the pending motions, consistent with the mandate of Fed. R. Civ. P. 1.  It also would permit this Court to obtain the input and participation of the transferor court without relinquishing jurisdiction over this case.

---

[3] It also would be within the Court's discretion to suggest remand of DeBlaker's claims, and to retain jurisdiction over the Thornes' claims.  *See In re Food Lion, Inc., Fair Labor Standards Act "Effective Scheduling" Litig.*, 73 F.3d 528, 533 n.13 (4th Cir. 1996).  That would not be the most efficient alternative, however.

[4] Because the Court has the statutory authority to refer dispositive motions to a non-Article III magistrate judge for a recommended decision pursuant to 28 U.S.C. § 636(b), it must have inherent authority and discretion to make a similar referral to an Article III judge.  Although no statute or rule expressly provides for such a referral, "[t]he concept that district courts exercise procedural authority outside the explicit language of the rules of civil procedure is not frequently documented, but valid nevertheless."  *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 651 (7th Cir. 1989).

9

## CONCLUSION

For the reasons set forth above, this Court has the authority and discretion to suggest a remand to the transferor court for resolution and reconsideration of the motion to dismiss. Such a remand would be appropriate here. Given the extensive and unusual history behind the pending motions, including prior rulings by the transferor court and an order by the transferor court for supplemental briefing on a matter of state law, it would best serve judicial efficiency and economy to permit the transferor court to decide those motions.

This the 1st day of August, 2012.

By: s/ Andrew S. Chamberlin
Andrew S. Chamberlin
N.C. State Bar No. 17369
Curtis J. Shipley
N.C. State Bar No. 19276
Stephen D. Feldman
N.C. State Bar No. 34940
ELLIS & WINTERS LLP
333 N. Greene St., Ste. 200
Greensboro, North Carolina 27401
Telephone: (336) 217-4193
Facsimile: (336) 217-4198
E-mail: andrew.chamberlin@elliswinters.com

*Attorneys for MI Windows and Doors, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2012, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record in the matter *In re MI Windows and Doors, Inc. Products Liability Litigation*, Civil Action No. 1:12-mn-00001-DCN.

This the 1st day of August, 2012.

> By: s/ Andrew S. Chamberlin
> Andrew S. Chamberlin
> N.C. State Bar No. 17369
> Curtis J. Shipley
> N.C. State Bar No. 19276
> Stephen D. Feldman
> N.C. State Bar No. 34940
> ELLIS & WINTERS LLP
> 333 N. Greene St., Ste. 200
> Greensboro, North Carolina 27401
> Telephone: (336) 217-4193
> Facsimile: (336) 217-4198
> E-mail: andrew.chamberlin@elliswinters.com
>
> *Attorneys for MI Windows and Doors, Inc.*