Westlaw

Page 1

Slip Copy, 2011 WL 5402878 (W.D.N.C.)
**(Cite as: 2011 WL 5402878 (W.D.N.C.))**

Only the Westlaw citation is currently available.

United States District Court, W.D. North Carolina, Charlotte Division.
Bianca ELLIS and Mark and Jacqueline Sroka, individually and on behalf of all others similarly situated, Plaintiffs,
v.
LOUISIANA–PACIFIC CORPORATION, Defendant.

No. 3:11CV191.
Nov. 8, 2011.

Daniel Kent Bryson, Matthew Earl Lee, Scott Crissman Harris, Lewis & Roberts, P.L.L.C., Raleigh, NC, for Plaintiffs.

Meghan Naomi Knight, Richard T. Boyette, Cranfill Sumner & Hartzog LLP, Raleigh, NC, James E. Weatherholtz, Womble Carlyle Sandridge & Rice, PLLC, Charleston, SC, for Defendant.

ORDER
GRAHAM MULLEN, District Judge.

**\*1** This matter is before the court upon Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff homeowners filed this purported class action asserting claims for negligence, unfair and deceptive trade practices, and a claim for declaratory relief, all arising out of the use of Defendant's allegedly defective Trimboard. Trimboard is a manufactured wood exterior trim product used on Plaintiffs' homes. The Trimboard product was covered by an express warranty. Plaintiffs acknowledge that they have no express warranty claim in the present lawsuit because they are putative class members in a separate, pending class action lawsuit in the Eastern District of North Carolina, in which their express warranty claims are addressed (*Hart v. Louisiana–Pacific Corp.,* No. 2:08CV 00047 (E.D.N.C., filed Oct. 22, 2008)).

Defendant moves to dismiss the claims herein for failure to state a claim upon which relief can be granted. In ruling on a motion to dismiss pursuant to Rule 12(b)(6) or a motion for judgment on the pleadings pursuant to Rule 12(c), the court must consider whether the plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). However, the court need not accept legal conclusions drawn from the facts, unwarranted inferences, unreasonable conclusions, or arguments. *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir.2008).

Defendant argues that Plaintiffs' claims must be dismissed because they are barred by the economic loss rule. The economic loss rule bars recovery for purely economic loss in tort when a contract exists between the parties. See *Ports Authority v. Lloyd A. Fry Roofing Co.,* 294 N.C. 73, 81–83, 240 S.E.2d 345, 350–51 (1978), *rejected in part on other grounds, Trustees of Rowan Tech. College v. J. Hyatt Hammond Assoc., Inc.,* 313 N.C. 230, 328 S.E.2d 274 (1985); *Ford v. All–Dry of the Carolinas, Inc.,* 2011 WL 1483726 (N.C.App. Apr. 19, 2011). Even when the parties are not in privity of contract, however, the economic loss rule may still apply, as North Carolina courts focus on the availability of a contractual remedy, including a remedy for breach of warranty. *Kelly v. Georgia–Pacific, LLC,* 671 F.Supp.2d 785, 794 (E.D.N.C.2009). In *Kelly,* the plaintiff homeowner sued the designer and manufacturer of an allegedly defective product called "PrimeTrim," which was used in the construction of his home. Plaintiff alleged that he suffered damages to his home due to moisture penetration caused by the defective trim. *Id.* at 788. Although he raised an express warranty claim, plaintiff alleged that his remedies under the warranty were not adequate and therefore he also asserted claims for negligence and violation of the North Carolina Unfair and Deceptive Trade Practices Act, among other claims. *Id.* at 787 –89. The defendants acknowledged the viability of plaintiff's express warranty claim, but moved to dismiss the other claims. The court held that because plaintiff had an available warranty remedy, and was only seeking damages for economic loss, North Carolina's economic loss rule barred plaintiff's negligence claim. *Id.* at 796. Because the Plaintiffs herein have an available warranty remedy which is the subject of a separate action, they may not also pursue a negligence claim against the Defendant.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 5402878 (W.D.N.C.)
**(Cite as: 2011 WL 5402878 (W.D.N.C.))**

**\*2** The economic loss rule also bars claims of unfair and deceptive trade practices where the only alleged damage from a defective product is to the product itself and "the allegations of unfair and deceptive trade practices are intertwined with the breach of contract or warranty claims." *Bussian v. DaimlerChrysler Corp.,* 411 F.Supp.2d 614, 625 (M.D.N.C.2006) (finding that the economic loss rule barred plaintiff's unfair and deceptive trade practices claim where plaintiff alleged that the defendants had superior knowledge of defect, failed to warn consumers, and continued to promote the product.). A plaintiff is not entitled to attempt multiple recoveries by asserting an UDTP claim for false representations where the damage incurred by the plaintiff is not separate and apart from the damage arising out of a breach of warranty claim. *See Ford,* 2011 WL 148726. Like Plaintiffs' negligence claim, their UDTP claim is barred by the economic loss rule because the only alleged damage is that the Trimboard on Plaintiffs' homes is failing or is "defective but has not yet manifested signs of failure." (Compl.¶ 25). This is the same damage upon which the breach of warranty claim is based. Plaintiffs' UDTP claim is intertwined with their breach of warranty claim and is therefore barred by the economic loss rule.

Plaintiffs also seek a declaratory ruling pursuant to Rule 23 that Trimboard is defective and prematurely fails, that the warranty is unconscionable, that Defendant must notify owners of defects, that Defendant must reassess all prior warranty claims and pay the full cost of repairs and damages, and that Defendant must pay the cost of inspection to determine whether any class members's Trimboard needs replacement. (Compl.¶¶ 66–68). Any challenge to the enforceability of the warranty or the operation of the warranty program are issues which either are or could have been raised in the pending breach of warranty lawsuit in the Eastern District of North Carolina. Accordingly, the court dismisses this claim.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby GRANTED.

W.D.N.C.,2011.
Ellis v. Louisiana-Pacific Corp.
Slip Copy, 2011 WL 5402878 (W.D.N.C.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.