UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MI WINDOWS AND DOORS, INC.
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2333

TRANSFER ORDER

**Before the Panel:** Pursuant to Panel Rule 7.1, defendant MI Windows and Doors, Inc. (MIWD), moves to vacate our order conditionally transferring three actions listed on Schedule A to MDL No. 2333. Alternatively, MIWD seeks to have the actions transferred to the Middle District of Pennsylvania. Plaintiffs in all three actions oppose the motion in its entirety.

The actions encompassing MDL No. 2333 involve allegations that various windows manufactured by MIWD contain one or more defects that result in the loss of seal at the bead along the bottom of the glass, allowing water to enter the inside of the window and leak into structures owned by plaintiffs and putative class members. *See In re: MI Windows & Doors, Inc., Prods. Liab. Litig.*, MDL No. 2333, 2012 WL 1495303 (J.P.M.L. Apr. 23, 2012).

In opposing transfer of these three actions, defendant argues *inter alia* that (1) these actions involve varying models of windows that may have been manufactured at different times and subject to different warranties, (2) each action will involve unique issues of state law, and (3) informal coordination by the parties is preferable to Section 1407 transfer. After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2333, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel considered and rejected the same arguments made by MIWD in initially granting centralization in this docket. *See id.* at *1. We find that defendant has not presented any circumstances that justify reconsideration of the Panel's order finding centralization appropriate in the District of South Carolina. Like the actions involved in MDL No. 2333, these three actions involve allegations of defects in MIWD windows that result in water intrusion into plaintiffs' and putative class members' homes.

Defendant also argues that the Eastern District of Michigan *Deem* action was not properly served. This argument, however, appears to be moot, and if it is not, can properly be addressed to the transferee court in a motion to dismiss.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable David C. Norton for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

**IN RE: MI WINDOWS AND DOORS, INC.,**
**PRODUCTS LIABILITY LITIGATION**                                   MDL No. 2333

## SCHEDULE A

<u>Northern District of Illinois</u>

Daniel Kennedy v. MI Windows and Doors, Inc., C.A. No. 1:12-1757

<u>Eastern District of Michigan</u>

David Deem v. MI Windows and Doors, Inc., C.A. No. 5:12-10452

<u>Eastern District of Pennsylvania</u>

Janna Walsh v. MI Windows and Doors, Inc., C.A. No. 2:11-7562