**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: MI WINDOWS AND DOORS, INC. ) | | |
| PRODUCT LIABILITY LITIGATION ) | **MDL Docket No. 2333** | |
| ) | **ALL CASES** | |

## CASE MANAGEMENT ORDER NO. 1

This Order incorporates and adopts herein by reference, this Court's May 23, 2012 Order governing the Practice and Procedure Upon Transfer Pursuant to 28 U.S.C. § 1407(a). This Order shall also govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order of April 23, 2012, as well as all related actions originally filed in this Court or transferred or removed to this Court. This Order shall also govern the practice and procedure in any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.1 of the Rules of Procedure of that Panel subsequent to the filing of the final transfer Order by the Clerk of this Court and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

**I.     APPOINTMENT OF LIASON COUNSEL, LEAD COUNSEL, AND COMMITTEES**

This section addresses the organizational structure and appointments for all matters that are part of, or will be part of, this consolidated action.

## **LIAISON COUNSEL**

A. **Homeowner Plaintiffs' Liaison Counsel**

The following attorney has been elected as the Homeowner Plaintiffs' Liaison Counsel; therefore, the Court designates him to serve in that position:

Justin Lucey, Esquire
415 Mill Street
Post Office Box 806
Mount Pleasant, SC 29465-0806
jlucey@lucey-law.com

Homeowner Plaintiffs' Liaison Counsel shall:

1. Serve as intermediary between Homeowner Plaintiffs' counsel and the Court;

2. Maintain and distribute to co-counsel and to all other Liaison Counsel an up-to-date service list;

3. Receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel; and

4. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository.

B. **Defendant's Liaison Counsel**

The Defendant's counsel shall elect a Liaison Counsel and notify the Court within 20 days of the date of this Order of their selection. If one cannot be agreed upon, the Court will appoint one.

Defendant's Liaison Counsel shall:

1. Serve as intermediary between defense counsel and the Court;

2. Maintain and distribute to co-counsel and to all other Liaison Counsel an up-to-date service list;

3. Receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel; and

4. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository.

**C.     Contractor Plaintiffs' Liaison Counsel**

The following attorney has been elected as the Contractor Plaintiffs' Liaison Counsel; therefore, the Court designates her to serve in that position:

Katie McElveen
Richardson, Patrick, Westbrook & Brickman, LLC
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, SC 29464
kmcelveen@rpwb.com

Contractor Plaintiffs' Liaison Counsel shall:

1. Serve as intermediary between Contractor Plaintiffs' counsel and the Court;

2. Maintain and distribute to co-counsel and to all other Liaison Counsel an up-to-date service list;

3. Receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel; and

4. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository.

## HOMEOWNER PLAINTIFFS' STEERING COMMITTEE

**A.   Structure**

The Homeowner Plaintiffs' pretrial activities in this case shall be managed by Homeowner Plaintiffs' Steering Committee ("HPSC"), as follows:

Homeowner Plaintiffs' Steering Committee

The following counsel are appointed as members of the Homeowner Plaintiffs' Steering Committee:

Daniel K. Bryson
Whitfield Bryson & Mason LLP
900 W. Morgan Street
Raleigh, NC 27603
dan@wbmllp.com

Justin Lucey
415 Mill Street
Post Office Box 806
Mount Pleasant, SC 29465-0806
jlucey@lucey-law.com

Jordan L. Chaikin
Parker Waichman, LLP
3301 Bonita Beach Road, Suite 101
Bonita Springs, FL 34134
jchaikin@yourlawyer.com

John A. Peca
Climaco, Wilcox, Peca, Tarantino & Garofoli Co., LPA
55 Public, Suite 1950
Cleveland, OH 44113
JAPECA@climacolaw.com

Natalie Finkelman
Shepherd Finkelman Miller & Shah, LLC
35 E. State Street
Media, PA 19063
nfinkelman@sfmslaw.com

Richard Arsenault
Neblett, Beard & Arsenault
2220 Bonaventure Court
Alexandria, LA 71301
(800) 256-1050
rarsenault@nbalawfirm.com

Alyson Oliver
Oliver Law Group PC
950 W. University Ste. 200
Rochester, MI 48307
(248) 327-6556
aoliver@oliverlg.com

Edward Eshoo, Jr.
Childress Duffy, Ltd.
500 North Dearborn St.
Chicago, Illinois 60654
(312) 494-0200
eeshoo@childresslawyers.com

Jonathan Shub
Seeger Weiss LLP
1515 Market St
Suite 1380
Philadelphia, PA 19102
jshub@seegerweiss.com

Homeowner Plaintiffs' counsel has appointed and the Court designates the following counsel to manage Homeowner Plaintiffs' Steering Committee:

Daniel K. Bryson, Esquire
Whitfield Bryson & Mason LLP
900 W. Morgan Street
Raleigh, NC 27603
dan@wbmllp.com

Justin Lucey, Esquire
415 Mill Street
Post Office Box 806
Mount Pleasant, SC 29465-0806
jlucey@lucey-law.com

The members of Homeowner Plaintiffs' Steering Committee shall from time to time consult with Homeowner Plaintiffs' Lead counsel in coordinating the Homeowner Plaintiffs' pre-trial activities and planning for trial.

## CONTRACTOR PLAINTIFFS' STEERING COMMITTEE

**A.     Structure**

The Contractor Plaintiffs' pretrial activities in this case shall be managed by the Contractor Plaintiffs' Steering Committee ("CPSC"), as follows:

H. Blair Hahn
Richardson, Patrick, Westbrook & Brickman, LLC
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, SC 29464
bhahn@rpwb.com

Katie McElveen
Richardson, Patrick, Westbrook & Brickman, LLC
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, SC 29464
kmcelveen@rpwb.com

W.H. Bundy, Jr.
Smith, Bundy, Bybee & Barnett, PC
1037 Chuck Dawley Blvd., Bldg. F
Mt. Pleasant, SC 29464
whbesq@s3blaw.com

Brent McDonald
Smith, Bundy, Bybee & Barnett, PC
1037 Chuck Dawley Blvd., Bldg. F
Mt. Pleasant, SC 29464
bmcdonald@s3blaw.com

## **LEAD COUNSEL**

**A.     Structure**

The Homeowner Plaintiffs shall be represented by one attorney who will serve as lead counsel. Lead counsel shall coordinate with each other as required by the course of pretrial proceedings.

The Defendant shall be represented by one or more attorneys to serve as lead counsel. Lead or Co-Lead shall coordinate with each other as required by the course of the pretrial proceedings.

The Contractor Plaintiffs shall be represented by one attorney who will serve as lead counsel. Lead counsel shall coordinate with each other as required by the course of pretrial proceedings.

**B. Homeowner Plaintiffs' Lead Counsel**

The following attorney has been elected as the Homeowner Plaintiffs' Lead Counsel; therefore, the Court designates him to serve in that position:

> Daniel K. Bryson
> Whitfield Bryson & Mason LLP
> 900 West Morgan Street
> Raleigh, NC 27603
> dan@wbmllp.com

**C. Defendant's Lead Counsel**

The Defendant's counsel shall elect the Defendant's Lead or Co-Lead Counsel and notify the Court of its election within 20 days following the issuance of this Order. If the Defendant's counsel is unable to make an election, the Court will designate Lead Counsel by considering the applications already submitted and to be submitted by those desiring to serve as Defendant's Lead or Co-Lead Counsel.

**D. Contractor Plaintiffs' Lead Counsel**

The following attorney has been elected as the Contractor Plaintiffs' Lead Counsel; therefore, the Court designates him to serve in that position:

> H. Blair Hahn
> Richardson, Patrick, Westbrook & Brickman, LLC
> 1037 Chuck Dawley Blvd., Bldg. A
> Mt. Pleasant, SC 29464
> bhahn@rpwb.com

**E. Responsibilities of Lead Counsel**

Lead counsel shall be generally responsible for coordinating the activities of their respective group (Homeowner Plaintiffs, Defendant, or Contractor Plaintiffs) during pretrial proceedings and shall:

1. determine (after such consultation with other members of their Steering Committee and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such

other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of their parties on all matters arising during pretrial proceedings;

2. coordinate the initiation and conduct of discovery on behalf of their group consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

3. conduct settlement negotiations on behalf of their group, but not enter into binding agreements except to the extent expressly authorized;

4. delegate specific tasks to other counsel or committees of counsel, as authorized by the court, in a manner to ensure that pretrial preparation for their group is conducted efficiently and effectively;

5. enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

6. prepare and distribute periodic status reports to the parties;

7. maintain adequate time and disbursement records covering services as lead counsel;

8. monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

9. perform such other duties as may be incidental to proper coordination of their group's pretrial activities or authorized by further order of the court; and

10. appoint additional committees, as necessary, including but not limited to expert, trial, and settlement committees.

Counsel for the group who disagree with their lead counsel (or those acting on behalf of lead counsel) or who have individual or divergent positions may present written and oral arguments, conduct examinations of deponents, and otherwise act separately on behalf of their clients as appropriate, providing that in doing so they do not repeat arguments, questions, or actions of lead counsel.

## II.     GENERAL CASE MANAGEMENT

### A.  Generally

#### i.     Orders

The Clerk shall deliver a copy of each order to all Liaison Counsel for distribution as appropriate to other counsel and parties on their respective sides of this proceeding.  The Clerk shall also serve each Order electronically to all counsel who have registered for electronic service.

#### ii.    Electronic Filing and Service

The parties are expected to follow the District of South Carolina's policies and procedures on Electronic Case Filing.  Any document which pertains to only one case shall be filed only in that case file.  Any document which relates to two or more cases shall be filed in the master file MDL No. 2333 and shall also be filed in the individual case file to which it relates.  Electronic case filing of a document in the master file shall be deemed to constitute proper service on all parties.  Discovery and other documents not filed with the Court shall be served by electronic mail on the Liaison Counsel of the party served.

#### iii.   Separate Dockets and Files

The Clerk shall maintain a separate docket and case files for each case removed to, or transferred to, this Court.  Each such case will be assigned a new case number in this Court.

#### iv.    Captions; Separate Filing

Orders, pleadings, motions and other documents will bear captions similar to that of this Order.  If generally applicable to all coordinated actions, they shall include in their caption the notation that they relate to "all cases" and shall be filed and docketed only in the master file.

### III.     STATUS CONFERENCES

#### A.  Regularly Scheduled Conferences

The Court intends to schedule and hold status conferences every six (6) weeks.  Counsel for each side shall meet and confer in advance of each status conference and submit to the Court a joint agenda and status conference report listing all matters and motions to be considered by the Court at the status conference forty-eight (48) hours prior to each scheduled conference.

#### B.  Telephonic Conferences

Telephonic conferences may be conducted at the Court's discretion by prior arrangement with the Court's chambers, provided that all interested parties receive at least forty-eight (48) hours notice.  The parties shall provide the Court with a proposed agenda twenty-four (24) hours prior to the telephonic conference.  The Court may initiate conference calls on procedural or scheduling matters.

### IV.    DISCOVERY PROCEDURES

A Case Management Order related to Discovery Procedures will be entered separately.

### V.     ATTORNEYS' TIME AND EXPENSE RECORDS

Any counsel who may seek an award of fees or expenses by the Court in connection with this proceeding shall keep a daily record of his/her time spent and expenses incurred, including a specific record of the hours, location and particular activity.  The failure to maintain such records and/or sufficient description of the activity will be grounds for denying court-awarded attorneys' fees.

## VI. GENERAL APPLICABILITY OF ORDERS

This Order applies to all pending cases and to each subsequently filed case that becomes part of MDL No. 2333. Each subsequent Order entered herein shall also apply to all pending cases and to each subsequently filed case unless said Order provides otherwise.

## VII. COMMUNICATION AMONG COUNSEL

This Court recognizes that cooperation by and among Plaintiffs' counsel and by and among Defendant's counsel is essential for the orderly and expeditious conduct of this litigation. The communication of information among and between Plaintiffs' counsel and among and between Defendant's counsel shall not be deemed a waiver of attorney client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall not in any way be used against Plaintiffs by any Defendant or against any Defendant by any Plaintiff. Nothing contained in this paragraph shall be construed to limit the rights of any party or counsel to assert the attorney-client or joint defense privilege or the attorney work-product doctrine.

**AND IT IS SO ORDERED.**

_____
The Honorable David C. Norton

September 10, 2012
Charleston, South Carolina

11