**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: MI WINDOWS AND DOORS, INC. PRODUCTS LIABILITY LITIGATION | ) ) ) | **MDL Docket No. 2333** **ALL CASES** |

**CASE MANAGEMENT ORDER NO. 2**
**(Initial Discovery)**

This Order incorporates and adopts herein by reference, this Court's May 23, 2012 Order governing the Practice and Procedure Upon Transfer Pursuant to 28 U.S.C. § 1407(a), and Case Management Order No. 1.

**I.    GENERAL DISCOVERY PROCEDURES**

**A.    Applicability of Rules**

Except as otherwise provided in this Order, the Federal Rules of Civil Procedure and the Local Rules of this Court will generally apply in this proceeding. However, the Court specifically notes that the provisions of this Order obviate (a) the obligation of any party to this proceeding to comply with any applicable initial disclosure requirements of Fed. R. Civ. P. 26(a)(1); (b) any applicable specifications on timing and sequencing of discovery set forth in Fed. R. Civ. P. 26(d); and (c) any applicable obligation of any party to this proceeding to comply with the conference and planning requirements in Fed. R. Civ. P. 26(f) and Local Rule 26.03.

**B.    Discovery Requests and Responses**

Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the Court, except when specifically ordered by the Court or to the extent they are presented in connection with a motion. Inspections of the Homeowner Plaintiffs' residences and residences

1

that are the subjects of Contractor Plaintiffs' claims and inspections of Defendant's manufacturing plants will be subject to a mutually agreed upon schedule and protocol.

### C. Deferred Discovery

The court has ruled that discovery shall not be bifurcated into separate class and merits discovery; however, the parties agree that with the exception of sales data and window performance, discovery relative to damages will be deferred until after the Court's ruling on each action's motions for class certification. Therefore, no party shall object to responding to discovery requests or otherwise producing documents or witnesses based solely upon the assertion that a class has not been certified.

### D. Master Written Discovery by Homeowner and Contractor Plaintiffs

The Homeowner Plaintiff Steering Committee ("HPSC") and the Contractor Plaintiff Steering Committee ("CPSC") may collectively serve a Master Set of Requests for Production (not to exceed 35 original requests, including subparts), a Master Set of Interrogatories (not to exceed 50 interrogatories, including all subparts), and a Master Set of Requests for Admission (not to exceed 35, including all subparts) on the Defendant.

The Defendant shall answer and/or object to the interrogatories and requests for admission in the manner described in Rules 33, 34 and 36, respectively, of the Federal Rules of Civil Procedure in accordance with a schedule that to be negotiated by the parties.

### E. Document Production

Following the entry of this order, Homeowner and Contractor Plaintiffs' Counsel shall meet with Defendant's Counsel to confer about the scope, process, and timing for a discovery plan in this matter. By October 21, 2012, the parties shall present to the court a proposed stipulated discovery plan and, if necessary, local counsel will bring any differences to the Court's

attention. Further, Defendant shall produce to the Plaintiffs all documents ready to be produced on or before November 1, 2012 notwithstanding any delays in the creation of a final stipulated discovery plan.

### F. Conduct of Depositions

Each side should endeavor to limit the number of attorneys questioning a deponent by conferring in advance of the deposition to allow one attorney to be the primary questioner. Counsel for the noticing party shall give opposing counsel notice of the identity of the examiner(s) twenty-four (24) hours prior to the beginning of each deposition.

With regard to depositions noticed by Plaintiffs, the Homeowner Plaintiffs' attorney and Contractor Plaintiffs' attorney designated to conduct the examination will coordinate with their respective group's counsel so as to conduct as thorough and non-duplicative an examination as practicable.

Nothing in this Order shall preclude Plaintiffs from deposing or re-noticing any witness who may offer testimony on deferred damages issues.

### G. Duration of Examinations

Unless otherwise agreed upon, depositions shall last no longer than seven (7) hours for lay witnesses; however, the parties shall consult regarding extending the limit to two (2) days for witnesses with extensive product knowledge.

### H. Number of Depositions

No more than 25 depositions of common fact witnesses currently or formerly employed by M.I. Windows shall be taken in this litigation absent agreement of Liaison Counsel or an Order of this Court. This limitation shall include any depositions conducted pursuant to Federal Rule of Civil Procedure 30(b)(6).

**I.     Avoidance of Duplicative Depositions**

Absent agreement of the parties or leave of Court, no witness should be deposed more than once in these proceedings. Supplemental depositions will be permitted only upon motion demonstrating (a) a completing need for the information sought and (b) compelling reasons why the desired lines of questioning could not have been pursued in the original deposition and why the information cannot be obtained from any persons available for future depositions. If permitted, a supplemental deposition shall be treated as the resumption of the deposition originally noticed. Examination in any supplemental deposition shall not be repetitive of any prior interrogation.

**J.     Fact Witnesses**

i.     *Generally*

Except as specifically provided, below, the scheduling and conduct of depositions, including resolution of any disputes arising during depositions, shall be in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, including Local Rule 30.04 Counsel are expected to cooperate with, and be courteous to, each other and deponents.

ii.     *Scheduling of Depositions*

a.     Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and proposed deponents in an effort to schedule depositions at mutually convenient times and places. Liaison Counsel, or their representatives, shall attempt to establish by mutual agreement a schedule for depositions in this proceeding that reflects sequencing consistent with (a) the availability of documents from among those produced by the parties and third parties and (b) the objective of avoiding the need to subject any person to repeated

depositions. Disputes concerning the timing and scheduling of depositions, however, may be presented to Court.

        b.      Plaintiff party/corporate witnesses and MIWD corporate representative witnesses will be produced in accordance with whatever schedule is developed. Upon receipt of written notice or inquiry by Plaintiffs' counsel which identifies the name of any individual known to be or have been employed by MIWD, MIWD will conduct an inquiry of the location of the individual and inform the other parties if a subpoena is needed. Depositions of parties and non-parties will be in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

        c.      Liaison Counsel will be responsible for keeping their respective group fully apprised of the scheduling of any deposition in this proceeding.

        d.      All depositions of persons currently employed by Defendant shall be taken in a place mutually agreed to by Liaison Counsel. All depositions of other witnesses shall be taken as such other locations as shall be agreed upon by the witness and Liaison Counsel. MIWD will make a good faith effort to produce former employees for deposition if the need arises.

        e.      Once a deposition has been mutually scheduled by Liaison Counsel, it shall not be taken off the calendar, rescheduled, or relocated less than three calendar days in advance of the date it is scheduled to occur, except upon agreement between Liaison Counsel and counsel for the witness, or by leave of Court for good cause.

      iii.    *Attendance*

Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the parties' counsel (including in-house counsel), the deponent, the deponent's attorney, the parties' expert witnesses, representatives of the parties' insurers, court reporters, videographers, members and/or employees of the law firms of counsel of record; and agents for

the parties.  Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the previous sentence. Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court.  While and so long as a deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under the Confidentiality Order shall be excluded.

      iv.    *Stenographic Recording*

A certified court reporter shall stenographically record all deposition proceedings and testimony.  The court reporter shall administer the oath or affirmation to the deponent.  A written transcript by the court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) (submission to the witness) and 30(f) (filing, exhibits).

      v.    *Videotaping*

Videotaping of depositions shall be subject to the requirements of the FEDERAL RULES OF CIVIL PROCEDURE and the Local Rules where applicable.

**K.**    **General Discovery Dispute Resolution**

To avoid unnecessary motion practice, counsel are directed to meet and confer before contacting the Court on discovery issues.  The Court will meet periodically with all Liaison Counsel to address any unresolved discovery disputes and it will accept letter briefs not exceeding five pages from the parties at least two (2) business days in advance of such meetings. If discovery disputes arise which the parties cannot resolve on their own, and that require resolution before the next scheduled meeting with the Court, the parties shall contact the Court by telephone.  The Court, at its discretion, will then either:  (1) schedule an additional meeting with Liaison Counsel and any other relevant counsel; (2) conduct a telephonic conference call

with such counsel; or (3) invite written submissions from the parties explaining the dispute.  Any motion to compel or motion for protective order not previously authorized by the Court will be summarily denied for failure to follow this procedure.

    **L.**    **Preservation Order**

See Case Management Order No. 3.

    **M.**    **Document Depository**

All documents produced by Defendants in this proceeding shall be produced to all other Liaison Counsel in accordance with the Case Management Order dictating the format of document production.  Each PSC shall bear the cost of and administer its own document depository.  The PSC's shall make the documents produced by Defendants available to Plaintiffs in any case consolidated in this matter, subject to an appropriate cost-sharing provision which will be the subject of a further order.  This production shall not preclude any party from asserting in any action that such documents are inadmissible at trial, nor shall this provision be construed to supersede or amend any state's law or state court order pertaining to such documents.

    **N.**    **Identification of Documents**

    i.  *Numbering System*

The parties shall develop and use a system for identifying, by unique number or symbol, each document produced or referred to during the course of litigation.  Each producing party shall give each page of any  document it produces a unique number, using a consistent numbering system that identifies the producing party (using a letter or series of letters as a prefix).  All reasonable efforts should be made to avoid having the same page assigned more than one identifying number except when there is a need to account for different   copies   of   the

same document or page (for example, because of special notations being placed on the document).

    ii.  *Documents Produced by Non-Parties*

In the event that documents produced by persons or entities who are not parties to this action are not, when produced, identified by a unique numbering system, the party at whose request production was made shall be responsible for numbering the documents in accordance with the terms of the paragraph above.

    **O.**     **Legibility of Documents**

Each producing party shall take reasonable steps to assure that the copies of the documents it produces are legible.  To the extent a producing party cannot or does not produce a legible copy, it shall make the original document(s) available for inspection and copying upon request.

    **P.**     **Confidentiality of Documents**

All parties will be subject to the confidentiality order entered by this Court on July 13, 2012, which will govern the production, dissemination, and use of documents.

**II.**     **RULES CONCERNING PRIVILEGE ISSUES**

    **A.**     **Generally**

With the exception of II(B) below, all other privilege issues will be addressed separately.

    **B.**     **Confidentiality and Claw-Back of Privileged Material**

This Court entered a Confidentiality Agreement, stipulated by the Parties, on July 13, 2012.  *See* D.E. #9.  The Parties also agree to the Stipulated Order Under Federal Rule of Evidence 502(d) Pertaining to Nonwaiver and Clawback of Privileged Material entered in the

*Johnson v. MI Windows and Doors, Inc.*, Case No. 11-cv-00167, D.E. # 121 on June 8, 2012, and attached to this Case Management Order as Exhibit A.

### III. COORDINATION WITH OTHER LITIGATION

#### A. Coordination

The Parties will submit a separate Case Management Order relating to coordination with other litigation.

#### B. Coordination by Plaintiffs' Counsel

All discovery directed to Defendant and non-party witnesses on behalf of Homeowner and or Contractor Plaintiffs shall be undertaken by, or under the direction of, the respective PSCs on behalf of Plaintiffs with cases in these MDL proceedings. Any discovery not limited to a specific plaintiff shall be signed by each Plaintiffs' group's respective Liaison Counsel or Plaintiffs' group's respective Lead Counsel. The parties will negotiate coordination of discovery with state court actions when and if the situation arises and submit a separate CMO on this issue.

#### C. Pledge of Cooperation

This Court pledges its full cooperation with any state court that agrees to informal discovery coordination and urges all counsel in this MDL proceeding to accord a full participatory role to the counsel in the state court cases.

**AND IT IS SO ORDERED.**

_____
The Honorable David C. Norton
United States District Judge

This 15th day of October, 2012
Charleston, South Carolina

9