# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: MI WINDOWS AND DOORS, INC. PRODUCTS LIABILITY LITIGATION | MDL NO: 2333<br>C.A. No. 2:12-mn-00001-DCN |

This Document Pertains To:

| | |
|---|---|
| Nadine Johnson, individually and on behalf of herself, and all others similarly situated, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>M.I. Windows and Doors, Inc., )<br>)<br>Defendant and Third-Party Plaintiff, )<br>)<br>) | C.A. No. 2:11-cv-0167-DCN<br><br>STIPULATED ORDER UNDER FEDERAL RULE OF EVIDENCE 502(d) PERTAINING TO NON-WAIVER AND CLAW-BACK OF PRIVILEGED AND PROTECTED DOCUMENTS |

Whereas, Nadine Johnson and MI Windows and Doors, Inc. (collectively the "parties") have (i) agreed to produce certain documents in the course of discovery in the above-captioned case deemed to be discoverable under the Federal Rules of Civil Procedure, (ii) recognized that these documents may be voluminous, (iii) noted the statement in the Advisory Committee Notes to Federal Rule of Evidence 502(d) that one of the purposes of the enactment of this rule was to respond to "widespread complaint that litigation costs necessary to protect against waiver of attorney-client privilege or work product have become prohibitive due to the concern that any disclosure (however innocent or minimal) will operate as a subject matter waiver of all protected communications or information," and, therefore (iv) agreed to the terms of this order to govern the effect of disclosure of documents subject to the attorney-client privilege or work product doctrine, it is this 8th day of June, 2012, ORDERED:

1

1. **Scope.** Any and all documents produced in the course of discovery shall be subject to this Stipulated Order.

2. **Pre-Production Privilege Review.** Each party who produces documents in this action ("Producing Party") shall use search methodologies it reasonably deems sufficient and appropriate to identify all documents (or portions of documents) to withhold from its own productions as potentially covered by the attorney-client privilege or work product protection doctrine ("Privileged Material").

3. **Post-Production Actions to Rectify Efforts.** Each Producing Party shall take prompt and reasonable steps to rectify errors in its productions of documents that have resulted in the disclosure of Privileged Material.

4. **Preclusion of Subject-Matter Waiver and Possibility of Waiver Solely as to the Privileged Material Itself.** Any Privileged Material that is produced in this action shall be deemed to have been produced inadvertently, and the fact of production of any Privileged Material shall not itself be the basis for a subject matter waiver of any privilege or protection. Each party reserves the right to argue that a Producing Party waived privilege and/or protection of any Privileged Material solely as to that material itself because the Producing Party either (i) failed to take reasonable steps to prevent its disclosure, or (ii) failed to take prompt and reasonable steps to rectify the error. No disclosure of any Privileged Material in this litigation shall ever meet the test of Fed. R. Civ. P. 502(a) and result in a subject matter waiver of any privilege or protection in this litigation or in any other current or future federal or state proceeding.

5. **Stipulated Discovery Regarding Actions to Prevent Inadvertent Disclosure and to Rectify Errors.** To avoid the cost and distraction of taking discovery to determine

whether a Producing Party failed to take (i) reasonable steps to prevent disclosure, and/or prompt and reasonable steps to rectify an error of inadvertent production, if any receiving party provides notice that it contests the continued application of privilege or protection to specific Privileged Material, then the Producing Party shall, within seven (7) days of receiving notice, provide to the challenging party a detailed written description of: (a) the process that the Producing Party used to prevent inadvertent disclosure; (b) the date on which, and the way in which, the Producing Party first learned of the inadvertent disclosure; (c) the steps that the Producing Party then took to remedy the inadvertent production; and (d) any documents supporting its responses to (a)-(c). Pursuant to Federal Rule of Evidence 502(d), if the Court rules that there was no waiver of privilege or protection as to any inadvertently produced Privileged Material in this proceeding, the inadvertent disclosure shall not be a waiver of privilege or protection as to such Privileged Material in this proceeding or any other current or future federal or state proceeding.

**6.    Right to Claw-Back Privileged Documents.**  Any Producing Party may, at any time: (a) identify by Bates number or otherwise, any documents it has produced which it believes in good faith constitute or contain Privileged Material; (b) direct that Privileged Material not be used or disclosed; and (c) ask all other parties to return or certify destruction of the Privileged Material.  As to any Privileged Material sufficiently identified, any instruction by a Producing Party not to use or disclose the Privileged Material shall be immediately effective as to any other party upon that other party's receipt of the instruction.  The deadline to return or certify destruction of the identified Privileged Material is three (3) days from receipt of such request. Within three (3) days of making any such request for return or destruction, the Producing Party shall, if applicable, provide a redacted portion of otherwise responsive documents that remove Privileged material, and shall produce a privilege log or amendment thereof identifying each

inadvertently produced document constituting or containing Privileged Material so that other parties may expeditiously challenge the designation, redaction, and/or withholding of such documents.

7.      **Duty to Notify Producing Parties Regarding Obviously Privileged Material.** If a receiving party discovers documents (or portions of documents) that appear to be Privileged Material ("Obviously Privileged Material"), the receiving party will refrain from examining the Obviously Privileged Material any more than necessary to ascertain it is Privileged Material and shall notify immediately the relevant Producing Party that it has produced this Privileged Material. Within five (5) days of receiving this notice, the Producing Party must confirm or deny that the material is Privileged Material. If the Producing Party confirms that the Obviously Privileged Material is, indeed, Privileged Material, then all of the provisions of paragraph 6 related to claw-back procedures (including the provision of redacted documents, as appropriate, and the reflection of clawed-back Privilege Materials in a privilege log) apply.

IT IS SO ORDERED.

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

June 8, 2012

Charleston, South Carolina