### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

|  |  |
|---|---|
| IN RE: MI WINDOWS AND DOORS, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2333<br>No. 2:12-mn-00001<br>ALL CASES<br><br>**ORDER** |

This matter is before the court on Homeowner Plaintiffs' Motion to Compel Defendant's Production of Documents, Docket No. 12-mn-00001, ECF No. 46 ("motion to compel"). For the reasons that follow, the court grants the motion.

## I. BACKGROUND

Because the facts of this case are well known to all parties, the court dispenses with a recitation of them. Homeowner plaintiffs filed a motion to compel discovery on November 16, 2012. Defendant MI Windows and Doors, Inc. ("MIWD") opposed the motion on November 27, 2012, and the parties presented oral argument at a status conference held on November 29, 2012. The court denied the motion without prejudice on the basis that the parties planned to meet and confer on the issues raised in the motion. Hr'g Tr. 106:20-107:5, Nov. 29, 2012. The parties' discussions proved unsuccessful, and homeowner plaintiffs renewed their motion to compel as to the partial redaction of documents on January 8, 2013.

The parties fully briefed the issues raised in homeowner plaintiffs' renewed motion to compel discovery and the court heard additional argument at a status conference held on January 10, 2013. The matter is ripe for review.

## II.   STANDARDS

Rule 26(b)(1) of the Federal Rules of Civil Procedure states:

> Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

District courts have "wide latitude in controlling discovery and [their] rulings will not be overturned absent a showing of clear abuse of discretion."  Ardrey v. United Parcel Serv., 798 F.2d 679, 683 (4th Cir. 1986); Middleton v. Nissan Motor Co., No. 10-2529, 2012 WL 3612572, at *2 (D.S.C. Aug. 21, 2012).  The latitude given to district courts "extends as well to the manner in which [they] order[] the course and scope of discovery."  Ardrey, 798 F.2d at 683.

## III.   DISCUSSION

Homeowner plaintiffs assert that MIWD has waged a redaction campaign that denies all plaintiffs access to discoverable information in violation of the Federal Rules of Civil Procedure.  MIWD responds that it has simply redacted non-responsive information that "has no bearing on the legal issues involved in this case."  Def.'s Opp'n to Mot. to Compel 11, Nov. 27, 2012.  Specifically, MIWD states that it redacted "non-responsive information such as personal customer information as well as information about window series that are not at issue in this litigation and information about windows generally that do not pertain to Plaintiffs' claims."  Id. at 10 n.9.

The court begins its analysis by recalling that:

> Redaction is, after all, an alteration of potential evidence. The Federal Rules sanction only very limited unilateral redaction, see Fed. R. Civ. P. 5.2. Outside of these limited circumstances, a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case.

David v. Alphin, No. 07-11, 2010 WL 1404722, at *7 (W.D.N.C. Mar. 30, 2010) (citing Evon v. Law Offices of Sidney Mitchell, No. 09-0760, 2010 WL 455475, at *2 n.1 (E.D. Cal. Feb. 3, 2010)). Accord In re State Street Bank & Trust Co. Fixed Income Funds Inv. Litig., Nos. 08-1945, 08-333, 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) ("[Unilateral] redactions [of non-responsive information] are generally unwise. They breed suspicions, and they may deprive the reader of context. Rule 26(b)(1) says that information is relevant as long as it 'appears reasonably calculated to lead to the discovery of admissible evidence.'"); In re FedEx Ground Package Sys., Inc. Emp't Practices Litig., No. 05-527, 2007 WL 79312, at *5 (N.D. Ind. Jan. 5, 2007) ("[T]he Federal Rules provide no procedural device for unilateral redaction by a party and it is a procedure that is not favored.").

MIWD's first rolling production of documents, produced on November 5, 2012, contained roughly 2,500 documents comprising more than 8,000 pages. About two-thirds of the documents produced contain partial redactions. At the January 10, 2013 status conference, MIWD provided samples of the documents it had partially redacted, showed the court the information that had been redacted, and explained why that information had been redacted. MIWD's presentation was clear and informative. Nevertheless, even a brief review of the materials provided demonstrates that MIWD has improperly redacted discoverable evidence. For example, MIWD redacted statements from an employee's

weekly activity report[1] that relate to the very concerns that form the basis of the homeowner plaintiffs' complaints. Status Conf. Jan. 10, 2013 Redaction Examples 6B. The homes described in this weekly activity report may or may not be located in states whose residents are currently represented in this multidistrict litigation. The leaks, seal failures, and mold damage mentioned may or may not relate to the products that homeowner plaintiffs argue are defective, or to the specific product defects that homeowner plaintiffs' complaints identify. Whatever the case, MIWD's redactions have deprived homeowner plaintiffs of the opportunity to investigate whether these statements are relevant to their claims. Similarly, in a report of a Project Status Meeting,[2] MIWD redacted references to the "3580 Project," "Finless Windows in Florida," and "mull charts" relating to 3500, 4300, and 8500 series windows, even though these window series appear to be at issue in several of the homeowner plaintiffs' complaints. Status Conf. Jan. 10, 2013 Redaction Examples 4A. In all, the court has identified at least thirteen improper redactions contained on eight of the twenty-four pages of redaction examples provided by MIWD.[3] Put another way, at least thirty-three percent of the provided sample pages contain relevant information that has been improperly withheld from homeowner plaintiffs.

MIWD has obviously over-redacted. Its position in support of partial redactions is unsupported by the Federal Rules, which "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The redaction of irrelevant information, even when sparingly done, deprives plaintiffs of context for the relevant information, see Bartholomew v. Avalon

---

[1] This document is marked as document number MIWDMDL0007798.
[2] This document is marked as document number MIWDMDL0007607-08.
[3] See Appendix A for a listing of the redactions that the court deems improper.

Capital Grp., 278 F.R.D. 411, 451 (D. Minn. 2011) ("It is a rare document that contains only relevant information."), and the "attendant expense and delay" hampers the discovery efforts of all parties, Orion Power Midwest, L.P. v. Am. Coal Sales Co., No. 05-555, 2008 WL 4462301, at *2 (W.D. Pa. Sept. 30, 2008).  Moreover, the concerns upon which MIWD bases its need to redact are alleviated by the confidentiality order that is already in place, which "prevents non-litigants from viewing sensitive information."  In re FedEx, No. 05-527, 2007 WL 79312, at *5; see Confidentiality Order ¶ 6(a)-(d), July 13, 2012.  It is apparent to the court that partial redaction cannot be accomplished easily or accurately.  As a result, it will not be done at all.

## IV.   CONCLUSION

Based on the foregoing, the court **GRANTS** the homeowner plaintiffs' motion to compel.  Going forward, parties may only redact in accordance with Federal Rule of Civil Procedure 5.2 and any agreement entered into by the parties and approved by the court.  MIWD is **ORDERED** to re-produce its initial production of documents, without redactions other than those specifically mentioned in the previous sentence, by February 4, 2013.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 24, 2013**
**Charleston, South Carolina**