IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| IN RE: MI WINDOWS AND DOORS, INC. PRODUCTS LIABILITY LITIGATION | MDL No. 2333 <br> No. 2:12-mn-00001 <br> ALL CASES <br><br> **ORDER** |

This matter is before the court on Homeowner Plaintiffs' Motion to Compel Production of Sale Agreement, Docket No. 12-mn-00001, ECF No. 78. Homeowner plaintiffs filed the motion on March 19, 2013, seeking production of the agreement relating to the sale of defendant MI Windows and Doors, Inc. (MIWD) by its parent company.[1] MIWD objects to production of the agreement, contending that it "is not relevant or likely to lead to any relevant matter." Def.'s Resp. Opp'n 1.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial *if the discovery appears reasonably calculated to lead to the discovery of admissible evidence*.

Fed. R. Civ. P. 26(b)(1) (emphasis added). District courts have "wide latitude in controlling discovery." Ardrey v. United Parcel Serv., 798 F.2d 679, 682 (4th Cir. 1986).

> Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated

---

[1] Homeowner plaintiffs specifically "request that MI Windows and JT Walker [Industries, Inc.]," MIWD's former parent company, "be ordered to immediately produce the agreement, in its entirety relating to the sale of MI Windows, including any and all attachments, exhibits, addendums, and supplements." Pls.' Mot. Compel 2.

1

to lead to discovery of admissible evidence; but the discoverable information need not be admissible at the trial.

U.S. E.E.O.C. v. Ian Schrager Hotels, Inc., No. 99-0987, 2000 WL 307470, at *3 (C.D. Cal. Mar. 8, 2000).

The sale agreement appears reasonably calculated to lead to the discovery of admissible evidence. For example, evidence of the transfer of assets or liabilities between MIWD's former and current parent companies could lead to the discovery of admissible evidence relating to plaintiffs' claims for actual and punitive damages. See N.D. Fair Housing Council, Inc. v. Allen, 298 F. Supp. 2d 897, 899 (D.N.D. 2004) ("The discovery of financial records of a defendant in order to prepare a case on the issue of punitive damages is permissible."). MIWD has not met its burden of showing that homeowner plaintiffs are not entitled to production of the agreement. Accordingly, the court **GRANTS** homeowner plaintiffs' motion to compel. MIWD is **ORDERED** to produce the requested documents by Friday, April 12, 2013.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 9, 2013**
**Charleston, South Carolina**