UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| IN RE MI WINDOWS AND DOORS, INC., PRODUCTS LIABILITY LITIGATION | ) MDL No. 2333<br>)<br>) MOTION FOR PRELIMINARY<br>) APPROVAL OF CLASS ACTION<br>) SETTLEMENT AND NOTICE PLAN<br>)<br>) Hon. David C. Norton<br>)<br>)<br>)<br>) |

PLEASE TAKE NOTICE that Homeowner Class Plaintiffs and the Contractor/Construction Class Plaintiffs (collectively, "Plaintiffs") will move before the Honorable David C. Norton pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, at such place and time as the Court may appoint, for entry of an Order: 1) preliminarily approving the settlement embodied in the class action Settlement Agreement; 2) approving the Notice Plan; and 3) setting the date for a Fairness Hearing.

**1) Class Action Settlement Agreement**

After extensive negotiations, the parties have reached a settlement of this class action litigation. The compromise is embodied in the class action Settlement Agreement ("Settlement"). See Settlement Agreement attached as Exhibit A. The Settlement affords Class Members significant compensation for damage to MIWD Product and consequential damages without the risks, costs and uncertainties of further litigation.

The parties reached the Settlement at an appropriate stage in the proceedings, following substantial discovery, including written discovery, depositions of Defendant's personnel, and the production of documents, field research, and expert analysis. Counsel for both sides engaged in

1

extensive arm's-length settlement negotiations with the assistance of three independent mediators, two of whom were appointed by the Court. Class and defense counsel all possess the requisite experience in the class action arena. The Settlement is a "fair, adequate, and reasonable" compromise and falls well within the range of possible approval.

**2) Notice Plan**

To proceed to the Fairness Hearing and grant final approval to the Settlement, the Court must approve and direct a form of class notice which must then be provided to Class Members. *See* Fed. R. Civ. P. 23(e). To protect the rights of all Class Members, the Notice Plan should be the best practicable under the circumstances. There is, however, no requirement that every Class Member receive actual notice, only those identifiable through reasonable efforts. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175-76 (1974). In the present case, Class Members are owners of properties throughout the United States. Although Defendant did not sell its products directly to the Class Members, reasonable efforts are being taken to identify from warranty claims information as many individual Class Members as possible so as to provide them with direct notice. Direct mail notice or email notice will be mailed to all those Class Members who are identified in a MIWD warranty database and to all those Class Members who have contacted counsel for Named Plaintiffs in this Action for any reason pertaining to MIWD's Product and for whom counsel have U.S. mail or email addresses. *See* Notice Plan in the Declaration of Cameron Azari, Vice-President Epiq Systems and Director- Hilsoft Notifications ("Epiq Declaration"), attached as Exhibit B. To ensure the best practicable notice for those Class Members not identified, the Notice Provider will provide notice through publication in the following publications at the commencement of the notice period: People Magazine, Sports Illustrated, Southern Living and National Geographic. Additionally, the Notice Provider will provide notice

via a settlement website, through sponsored links for searches covering keywords related to MIWD Product, through a press release regarding the Settlement, and through Long Form notice to all known distributors of the Windows. The Long Form Settlement Notice, attached to the Epiq Declaration, meets all requirements for notice to Class Members.

The Short Form Settlement Notice, attached to the Epiq Declaration meets all requirements for notice to Class Members. In order to satisfy the requirements of §1715 of the Class Action Fairness Act (28 U.S.C. 1715), Defendant will also provide the CAFA Notice to the United States Attorney General and the Attorney Generals in each state.

For the foregoing reasons, Plaintiffs request that the Court enter an Order preliminarily approving the Settlement, approving the Notice Plan and scheduling a date for the Fairness Hearing.

Dated: January 26, 2015

Respectfully submitted,

/s/ Daniel K. Bryson
Daniel K Bryson
Whitfield Bryson & Mason LLP
900 West Morgan Street
Raleigh, NC 27603
919-600-5002
Email: dan@wbmllp.com

Justin Lucey
Justin O'Toole Lucey, PA
415 Mill Street
Mr. Pleasant, SC 29464
843-849-8400
Email: jlucey@lucey-law.com

Counsel for Homeowner Plaintiffs

/s/ H. Blair Hahn
H. Blair Hahn, Esquire
RICHARDSON, PATRICK,
WESTBROOK, & BRICKMAN, LLC
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, South Carolina 29464
Telephone: (843) 727-6500

W. H. Bundy, Jr., Esquire
SMITH, BUNDY, BYBEE &
BARNETT, P.C.
Post Office Box 1542
Mt. Pleasant, South Carolina 29465-1542
Telephone: (843) 881-1623

Counsel for Contractor/Construction Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via U.S. first class mail to those indicated as non-registered participants, this 26th day of January, 2015.