UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **IN RE MI WINDOWS AND DOORS, INC., PRODUCTS LIABILITY LITIGATION** | ) MDL No. 2333 <br> ) <br> ) <br> ) No. 2:12-mn-00001 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER PRELIMINARILY APPROVING SETTLEMENT**

WHEREAS, Homeowner and Contractor/Construction Plaintiffs in the above-captioned matter ("Plaintiffs") and Defendant MI Windows and Doors, LLC ("MIWD" or "Defendant") have entered into a Settlement Agreement intended to resolve, on a global basis, this litigation in the Court against Defendant arising out of its alleged defective windows that are glazed with Glazing Tape; and

WHEREAS, this Court has jurisdiction over the subject matter and all Parties to this proceeding and venue is proper in this district; and

WHEREAS, the proposed settlement is the result of arm's-length negotiations between the Parties and not the result of collusion, bears a probable reasonable relationship to the claims alleged by Plaintiffs and the litigation risks of Plaintiffs and Defendant, and the proposed settlement is within the range of possible judicial approval; and

WHEREAS, the Court has reviewed the papers filed in connection with the motion and considered all supporting evidence in the record and as presented by counsel; and

1

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement are fair and satisfy the requirements of Fed. R. Civ. P. 23, and the Court is exercising its discretion in preliminarily certifying the Class for settlement purposes only and has not determined whether the Action could be properly maintained on behalf of a class for purposes of trial; and

WHEREAS, the Court recognizes that the Released Parties have preserved all of their defenses and objections against and rights to oppose certification of the Class if the proposed settlement is not finally approved by the Court following the Fairness Hearing or any appeals:

IT IS HEREBY ORDERED AS FOLLOWS:

1. All capitalized terms used in this Order shall have the same meanings assigned to them in the Settlement Agreement and this Order.

2. The terms of the Parties' Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the Final Approval Hearing provided for below.

3. The Court finds the Settlement is sufficiently fair, adequate, and reasonable to justify notice to those affected, along with an opportunity to be heard, pursuant to Fed. R. Civ. P. 23(e).

4. With respect to the Settlement Class, the Court finds the requirements of Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes in that: (i) the class members are sufficiently numerous so as to make joinder of all class members impracticable; (ii) there are questions of fact and law that are common to all members of the class; (iii) the claims of the Named Plaintiffs are typical of the claims of the class; and (iv) the Named Plaintiffs will fairly and adequately

MI-474005 v1

protect the interests of the class. With respect to the Settlement Class, the Court further finds that the requirements of Fed. R. Civ. P. 23(b)(3) have been satisfied for settlement purposes in that: (i) questions of fact and law common to the class members predominate over any questions affecting only individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Court therefore grants preliminary approval to the Settlement. The Settlement shall be submitted to Class Members for their consideration and for a Fairness Hearing pursuant to Fed. R. Civ. P. 23(e), as provided below.

5. During the pendency of these settlement proceedings, all Class Members, and anyone acting on their behalf or for their benefit, are hereby enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory or other proceeding in any jurisdiction, based on or relating to, directly or indirectly, in whole or in part: (1) the Released Claims; (2) the allegations, facts, subjects, or issues that have been, could have been, may be, or could be set forth or raised in this Action or in any of the non-consolidated actions related to these proceedings.

6. The Court preliminarily certifies, for settlement purposes only, the following nationwide Settlement Class:

All Persons in the United States or its Territories who own, owned, or have a legal obligation to maintain or repair a MIWD Product. The Settlement Class contains a "Homeowner Settlement Class" and a "Contractor/Construction Settlement Class."

3

The Homeowner Settlement Class

All Persons that purchased or came into ownership of (through assignment, transfer, or otherwise) Affected Property containing MIWD's Product as well as all Persons who have a legal obligation to maintain or repair the MIWD Product. The Homeowner Settlement Class does not include members of the Contractor/Construction Settlement Class. Nor does the Homeowner Settlement Class include any Persons who have previously settled and released their claims against MIWD involving or related to all their MIWD Product, or had their claims dismissed with prejudice in court, or accepted a final remedy from MIWD involving or related to all their MIWD Product as evidenced by a written document (such Persons shall be barred from any further recovery).

The Contractor/Construction Settlement Class

All Persons who, while engaged in the business of residential construction, were involved in any respect in causing MIWD's Product to be acquired for or installed into Affected Property, and also includes all Persons who continue to own such Affected Property at the time of Notice (including developers, builders, contractors, subcontractors, and all other persons or entities involved in the purchase, installation, or supervision of the installation of MIWD's Product). The Contractor/Construction Settlement Class does not include members of the Homeowner Settlement Class. Nor does the Contractor/Construction Settlement Class include any Persons who have previously settled and released their claims against MIWD involving or related to all their MIWD Product, or had their claims dismissed with prejudice in court, or accepted a final remedy from MIWD involving or related to all their MIWD Product as evidenced by a written document (such Persons shall be barred from any further recovery).

Included within the Settlement Class are the legal representatives, heirs, successors in interest, transferees, and assignees of all such foregoing holders and/or owners of Affected Property.

7. The Court preliminarily finds that Named Plaintiffs Nadine Johnson, David R. Van Such, Craig Hildebrand, Joseph DeBlaker, Mike and Janeen Meifert, Jackie Vargas Borkouski, Kerry Dewitt, Arthur and Susan Ferguson,

Gregory and Kristy Kathman, Alex Krueger, Gail Loder, James Lovingood, Thomas Boettinger, John Oriolt, Jamie Reed, Patricia Lane, Larry Taylor, Jacquiline Ward, Manzoor and Sosi Wani, David Deem, John W. McCubbrey and Elizabeth D. McCubbrey, Daniel Kennedy, Charles Bradley, Jennifer and Scott McGaffin, Jessica Zepeda, and Stevenson T. Womack, have claims typical of the members of the Homeowner Settlement Class and are adequate class representatives for the Homeowner Settlement Class.

8. The Court preliminarily finds that Named Plaintiff Lakes of Summerville has claims typical of the Contractor/Construction Settlement Class and is an adequate class representative for the Contractor/Construction Settlement Class.

9. The Court preliminarily finds that Homeowner Settlement Class Counsel is adequate to serve as Homeowner Settlement Class Counsel and preliminarily appoints the following as counsel for the class:

> Daniel K. Bryson
> WHITFIELD BRYSON & MASON LLP
> 900 W. Morgan St.
> Raleigh, NC 27603
>
> Justin O. Lucey
> JUSTIN O'TOOLE LUCEY, PA
> 415 Mill St.
> Mt. Pleasant, SC 29464

10. The Court preliminarily finds that Contractor/Construction Class Counsel is adequate to serve as Contractor/Construction Class Counsel and preliminarily appoints the following as counsel for the Contractor/Construction Settlement Class:

5

       H. Blair Hahn
       RICHARDSON, PATRICK, WESTBROOK, &
       BRICKMAN, LLC
       1037 Chuck Dawley Blvd., Bldg. A
       Mt. Pleasant, SC  29464

       Walter H. Bundy, Jr.
       SMITH, BUNDY, BYBEE & BARNETT, P.C.
       Post Office Box 1542
       Mt. Pleasant, SC 29465-1542

## *Class Findings*

11. For the purpose of the settlement of the Action and the non-consolidated actions (and only for such purpose, and without an adjudication of the merits), after conducting a rigorous analysis of the requirements set forth in Fed. R. Civ. P. 23(a) and (b)(3) and taking into consideration factors including, but not limited to: (i) the opinions of the participants, including the Homeowners' Class Counsel and the Contractor/Construction Class Counsel; (ii) the complexity, expense, and likely duration of the litigation; (iii) the extent of discovery completed and the state of the proceedings; and (iv) the absence of any evidence that the proposed settlement is the product of fraud or collusion, the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law have been met in that:

    a. The Settlement Class is sufficiently ascertainable and the Class Members are so numerous that their joinder before the Court would be impracticable.

    b. The predominance and superiority requirement of Fed. R. Civ. P. 23(b) (3) generally is satisfied when members of the proposed Class share at least

one common factual or legal issue. Here, Plaintiffs allege numerous questions of fact and law purportedly common to the Settlement Class. The court preliminarily finds that the allegedly common questions of fact and law predominate over questions of fact and law affecting only individual class members, particularly in light of the common glazing tape and sealant issues.

c. The Court preliminarily finds that the claims of the representative Homeowner Plaintiffs are typical of the claims of the Homeowner Class Members and the representative Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Homeowner Class, in that: (i) the interests of the named Plaintiffs and the nature of their alleged claims are consistent with those of the Class Members, (ii) there appear to be no conflicts between or among the named Plaintiffs and the Class Members, (iii) the named Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of the Action, and (iv) the named Plaintiffs and the Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class actions, particularly those mass-tort type cases involving product defects alleged in the Complaints.

d. The Court preliminarily finds that the claims of the representative Contractor/Construction Plaintiff is typical of the claims of the Contractor/Construction Class, and the representative Plaintiff and Class

7

> Counsel will fairly and adequately protect the interests of the Contractor/Construction Class, in that: (i) the interests of the named Plaintiff and the nature of its alleged claims are consistent with those of the Class Members, (ii) there appear to be no conflicts between or among the named Plaintiff and the Class Members, (iii) the named Plaintiff has been and appears to be capable of continuing to be an active participants in both the prosecution and the settlement of the Action, and (iv) the named Plaintiff and the Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class actions, particularly those mass-tort type cases involving product defects alleged in the Complaints.
>
> e. The Court finds that a resolution of the Action in the manner proposed by the Settlement Agreement is superior or equal to other available methods for fair and efficient adjudication of the Action.

12. In making these preliminary findings, the Court has considered, among other factors, (i) the interest of Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

13. The court will make a final determination on class certification concurrently with its final determination whether to approve the settlement.

MI-474005 v1

### *Notice of Settlement and Appointment of Settlement Administrator*

14. The Court approves, as to form and content, the Long Form Notice (attached to the Declaration of Cameron Azari, Vice-President Epiq System, Director Hilsoft Notifications - "Epiq Declaration") and approves it for mailing to Class Members. The Court approves, as to form and content, the Summary Notice (attached to the Epiq Declaration), and approves it for publication as set forth in the Notice Plan. The Court approves, as to form and content, the CAFA Notice to the United States Attorney General and the state Attorney Generals and finds that such notice satisfies the requirements of Section 1715 of the Class Action Fairness Act (28 U.S.C. § 1715).  The Court finds that these forms of notice provide Class Members with all of the information necessary to make an informed decision regarding the fairness of the Settlement.

15. The Court finds that the first-class mailing and distribution of notice substantially in the manner and form set forth in the Notice Plan (attached to the Epiq Declaration) meet the requirements of Fed. R. Civ. P. 23 and due process, and shall constitute due and sufficient notice to all persons entitled thereto.  Such notice is the best practicable notice under the circumstances of this case, it complies with due process, and it provides sufficient notice to bind all Class Members, regardless of whether a particular Class Member receives actual notice. The Parties shall supervise and administer the notice procedure as set forth in the Notice Plan, including the following:

    a. Within  thirty days after the Settlement is Preliminarily Approved by the Court, the Notice Administrator shall cause a copy of the Long Form

MI-474005 v1

> Notice to be mailed by first class mail to all Class Members known to the Parties after having first updated the addresses using the National Change of Address database.
>
> b. Within fifteen days after the Settlement is Preliminarily Approved by the Court, the Notice Administrator shall post the Summary Notice, Long Form Notice and the Settlement Agreement, along with other documents as agreed to by the Parties, on a website with the domain name www.miwdtapeglazedwindowsettlement.com.
>
> c. Within forty-five days after the Settlement is Preliminarily Approved, the Notice Administrator shall commence Publication in accord with the Notice Plan.

16. Prior to the Final Approval Hearing, the Notice Administrator shall serve and file a sworn statement attesting mailing of the Notice and compliance with the Notice Plan along with the Opt-Out List and Defendant shall file with the Court a declaration of compliance with the CAFA notice requirements.

17. The parties and their respective counsel are authorized to retain Epiq Class Action and Claims Solutions, Inc. to serve as the Claims Administrator and Appeal Adjudicator, and Hilsoft Notifications to serve as the Notice Administrator, in accordance with the terms of the Settlement Agreement and this Order.

### *Requests for Exclusions from the Settlement Class*

18. Any member of the Settlement Class who desires to request exclusion ("opt-out") from the Settlement Class shall submit to the Claims Administrator an appropriate, timely request for exclusion to the address stated in the Notice on or

before May 28, 2015. In order to be effective, the Request for Exclusion must include (a) the name of the Litigation; (b) the Person's full name, address and telephone number; (c) a specific statement of the Person's intention to exclude himself or herself from the Settlement; (d) the identity of counsel, if the Person is represented; and (e) the Person's signature and the date on which the request was signed.

19. Exclusions shall be exercised individually by a Settlement Class member, not as or on behalf of a group, class, or subclass, not by any appointees, assignees, claims brokers, claims filing services, claims consultants or third-party claims organizations; except that such exclusion request may be submitted by a Settlement Class member's attorney on an individual basis or by a Multiple Unit Property Governing Body on behalf of its members.

20. Any Settlement Class member who does not submit a timely, written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Action.

### *Objections to the Settlement*

21. Any Settlement Class member who has not submitted a timely request for exclusion from the Settlement Class and who wishes to object to the fairness, reasonableness, or adequacy of the Agreement or any term or aspect of the proposed Settlement may, but need not, submit comments or objections to the proposed Settlement and/or Class Counsel's application for fees and expenses by serving a written objection.

22. A Person making an objection (an "Objector") must sign the objection personally

11

(an attorney's signature is not sufficient). To object, the Objector must provide to the Claims Administrator (who shall forward it to Class Counsel and Counsel for Defendant), and file with the Clerk of the Court not later than thirty days before the date set for the Final Approval Hearing, a statement of the objection including any support the Settlement Class member wishes to bring to the Court's attention and all evidence the Settlement Class member or governmental entity wishes to introduce in support of his or her objection or motion, or be forever barred from objecting. Such statement must: (1) be made in writing, including a heading that refers to the Action by name and docket number; (2) contain the Objector's full name and current address; (3) declare that the Objector currently owns or formerly owned Affected Property containing MIWD's Product; (4) provide a statement of the Objector's objections to any matter before the Court and the grounds and arguments for the objection; and (5) include all documents and other writings the Objector wishes the Court to consider and describe any and all evidence the objecting Settlement Class member may offer at the Final Approval Hearing, including but not limited to the names and expected testimony of any witnesses. Any papers not filed and served in the prescribed manner and time will not be considered at the Final Approval Hearing, and all objections not made in the prescribed manner and time shall be deemed waived.

23. Any objections by a Settlement Class member must be exercised individually by a Settlement Class member, not as or on behalf of a group, class, or subclass, not by any appointees, assignees, claims brokers, claims filing services, claims consultants, or third-party claims organizations; except that such objections may

MI-474005 v1

be submitted by a Settlement Class member's attorney on an individual basis or by a Multiple Unit Property Governing Body on behalf of its members.

24. Any responses to objections must be filed with the Court and served upon Class Counsel and counsel for Defendant on or before a date set by the Court that is no later than thirty days from the receipt of the objection or five days before the hearing, whichever is earlier.

### *Claims Submission Dates*

25. All Claim Forms must be either received by the Claims Administrator or postmarked on or before the end of the relevant Claims Period as set forth in the Settlement Agreement.

26. <u>Claims Period for Eligible Class A or Class B Homeowner Class Members</u>: That period of time that expires 240 days from the Notice Start Date. All Class A or Class B Homeowner Class Members who do not submit a timely Claim Form within the Claim Period shall be barred from recovering under the Claims Program.

27. <u>Claims Period for Class C Homeowner Class Members</u>: That period of time that expires 180 days from the Notice Start Date. All Class C Homeowner Class Members who do not submit a timely Claim Form within the Claim Period shall be barred from recovering under the Claims Program.

28. <u>Claims Period for Eligible Contractor/Construction Settlement Class Members</u>: That period of time that expires 180 days from the Notice Start Date. All Contractor/Construction Settlement Class Members who do not submit a timely Claim Form within the Claim Period shall be barred from recovering under the

13

Claims Program.

### *The Final Approval Hearing*

29. A hearing on the Final Approval of the Settlement (the "Final Approval Hearing") shall be held before this Court on June 30, 2015, at 10:00 a.m., in Courtroom II, at the Hollings Judicial Law Center, 81 Meeting Street, Charleston, South Carolina 29401, to determine whether: (1) the Settlement is fair, reasonable, and adequate and should receive final approval from the Court; (2) notice has been given to Class Members in accordance with this Order; and (3) a final judgment as provided in the Settlement Agreement should be entered herein.

30. Homeowners Class Counsel and Contractor/Construction Class Counsel's applications for attorneys' fees and costs and the Named Plaintiffs' application for service payments shall be heard at the time of the Final Approval Hearing. Any application for an award of attorneys' fees and costs and any application for service payments shall be filed with the Court no later than thirty days prior to the expiration of the opt-out and objection periods. The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to class members other than that which may be posted by the Court.

### *Other Provisions*

31. Both pending Motions to Amend are granted; Class Counsel for Homeowners and Contractors shall file Amended Complaints within ten (10) days of the entry of this Order.

32. The Court may adopt any additional provisions agreeable to the Parties that might

be necessary to implement the terms of the Agreement and the proposed Settlement.

33. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

34. If the Settlement is terminated or not approved in all material respects or approval is reversed or vacated, the Litigation shall proceed as if the Settlement Class had never been certified and the amended complaints had never been filed, and no reference to the Settlement Class, the Settlement Agreement, this Preliminary Order, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED.**

**Charleston, South Carolina**
**February 27, 2015**

_____
The Honorable David C. Norton
United States District Judge

15

MI-474005 v1